JANUARY 1827.

Allen
v.
Hays.

------

## BRUCE v. EDWARDS.

In debt, it is a good bar that defendant was security, and that after the note was due and while principal was solvent, he gave notice though not in writing, and requested plaintiff to sue principal, and that plaintiff neglected to sue until principal became insolvent.

Stewart.
1s 11
97 652
Stewart.
1s 11
120 237

EDWARDS brought an action of debt against Bruce in Lauderdale County Court, on a joint promissory note of Caleb S. Manley and Bruce. Bruce plead that he executed the note as security for Manley; that after its maturity and before the commencement of the suit, and while Manley was solvent and able to pay the debt, he gave notice to plaintiff, and requested him to sue Manley and use all necessary means to recover the money of him; but that plaintiff, intending to defraud the defendant, did not institute suit or use the necessary diligence, but neglected doing so until Manley had become insolvent.

The plaintiff replied, that the defendant had not given him notice in writing, to which replication there was a demurrer and joinder. The Circuit Court overruled the demurrer, and Bruce prosecuted a writ of error to this Court.

JUDGE TAYLOR delivered the opinion of the Court.

THERE is no instance in which the law does not look favorably on the situation of securities and extend to them every assistance to secure the payment of the debt by the principal. So strict has been the construction in favor of this class of debtors, that any material alteration of the contract, without the express consent of the security, terminates his responsibility. In this case no injury could have resulted to the holder of the instrument by proceeding, upon receiving notice to sue the principal, for he might have sued the security also at the same time. To.

JANUARY 1827.

Bruce
v.
Edwards.

*a* Laws Ala. 451.

say that a security should always pay the debt and resort to the principal for his indemnity, would often, without sufficient reason, lay on him a burthen too hard to be borne. The case in 13 Johnson, 174, clearly supports the plea and tends to confirm the opinion of the Court that it is good at common law. As to the statute,[a] its title shews that it was enacted "for the relief of securities;" a construction which would give it the opposite effect surely would not be correct. It is believed, however, that the statute and the principle at common law, are distinct in their effects. To make a plea of this nature available at common law, it is necessary to aver and prove, that the principal has become insolvent after notice given to sue him, and that the means of recovering the debt of him have been lost by the negligence of the plaintiff. By the statute, it is only necessary to aver that notice in writing was given, and that the plaintiff did not use due diligence. The statute is cumulative.

It was insisted in the argument, that to authorize such a plea as this, it must appear on the face of the note, that the defendant was security. But no good reason can be perceived for his not being permitted to aver and prove this fact as any other; such proof does not contradict, or in any way affect the obligatory force of the instrument.

Let the judgement be reversed and the cause be remanded.

COALTER, for plaintiff.

MARTIN, for defendant in error.