### GOODMAN v. GRIFFIN.

1. Where a surety requests the creditor to sue the principal, he being solvent, and where the creditor fails to do so, whereby by reason of the subsequent insolvency of the principal, no recovery can be had of him, the surety is discharged.

2. The statute providing for the release of sureties where they give written notice to the creditor to sue and the creditor omits to do so, is cumulative merely.

3. A parol release, without consideration, is unavailing.

4. The common law will be presumed to govern in our sister States, unless the contrary be shewn.

THIS was an action of assumpsit brought by R. Griffin against T. Goodman in Tuscaloosa County Court, to recover on a note made by Goodman and one L. Myrick for $202 39, payable in June 1825, to R. Cheatham, guardian &c. or bearer; and of which the plaintiff was the bearer. The defendant pleaded, 1st. the general issue, and 2nd. that after the note became due, Cheatham, the then bearer, for a valuable consideration, released the defendant Goodman from any liability to pay the note. At the trial, at June term 1829, the defendant adduced evidence to prove that Myrick was the principal, and he, Goodman, only his surety; that when the note became due, Myrick, was solvent, and continued so till the death of Cheatham the payee, which occurred in 1827; that the note remained in his possession till that time. That some time afterwards, Myrick became insolvent; that in September 1826, Goodman, intending to remove from South Carolina where this transaction took place and where the parties resided, requested Cheatham to sue on the note, as he wished the matter closed; that no suit was brought; that in December following, Goodman again saw Cheatham, and inquired why he had not brought suit; and that Cheatham said he knew Myrick was good, and he would not sue, and at the same time said to Goodman "be not uneasy about it, it shall never come against you, if I cannot get it from Myrick, I will lose it out of my own estate." On this evidence, the defendant requested the presiding Judge to instruct the jury, that if they believed the facts above stated, that the discharge, though by parol, released Goodman from liability. The Court refused this instruction, and charged the jury that a parol release would be sufficient to discharge the defendant, but it must be made on a good and valuable consideration, that otherwise, like all

other contracts it was void; that in this case, the circumstances of the security-ship of Goodman, his request to the holder to sue, his failure to do so, and the subsequent insolvency of Myrick, did not of themselves constitute such a consideration; that at common law they did not discharge the defendant from liability; that if he was discharged by a particular statute of South Carolina, he ought to have shewn it, and that if he sought to discharge himself under the laws of this State, the notice to sue should have been in writing. The jury found for the plaintiff; the defendant Goodman excepted, and now here insists that those instructions were erroneous.

ELLIS, for the appellant. The defendant below-pleaded two pleas, and under the issues joined under those pleas, the defence was offered. The bill of exceptions does not shew under which plea the proof was proposed, but if it was proper under either of the issues, the instructions were erroneous. It will be our purpose to shew here, that the evidence was admissible under the general issue, and that it constituted a good defence under that plea. The facts established were sufficient to discharge Goodman, who was a surety merely. At common law, the rule is, that where a surety gives notice to the creditor to sue the principal who is then solvent, and he fails to do so, and by reason of the omission to sue, the debt is lost on account of the subsequent insolvency of the principal, the surety is discharged, although the notice be merely verbal. [a] The case of *Bruce v. Edwards*, decided in this Court, [b] establishes that doctrine, and determines that the statute of this State which requires the notice to be in writing is merely a cumulative remedy, and that the party may avail himself of either defence. The policy of the statute goes further to affirm the soundness of the common law rule, by dispensing with proof of the insolvency of the principal, in case notice has been given in writing. In this case all the facts necessary to a discharge under this doctrine were proven, and an instruction to that effect was requested, but refused. It is the policy of the law to favor sureties; any act done by a creditor by which he deprives himself of the right to sue the principal, such as giving an extension of time &c. discharges the surety. [c] The Court below decided against these principles, and applied the doctrine that a parol release was insufficient to discharge the obligation of a written instrument, looking to the second plea only, and

21

JULY 1830.

Goodman
v.
Griffin.

*a.* Pain v. Packard, 13 Johns. Rep. 174. 7 Johns. Rep. 336 10 East. 34. *b* 1 Stewart. 11.

*c.* 1 Stewart 261. 2 Stewart 63 3 Stewart 14.

JULY 1830.

Goodman
v.
Griffin.

overlooking entirely that our defence was good under the general issue. But under the plea of non-assumpsit, every thing which destoys the cause of action, and shews that none existed, is admissible; this defence was clearly admissible; although it might have been pleaded specially, it was not necessary to do so. In assumpsit, more latitude is given under the general issue than in any other action, so a release may be offered in proof under it, although there may be a special plea in which the defence may have been incorrectly stated. [a]

*a* Chitty's P.
C. 472. 5
Mass. R. 286.
1 Dunlap's
Practice.

The release proved was sufficient under the plea of release. In such a case, as Goodman received no consideration when he became bound by his promise, it is but right that he should be released by an express discharge though without consideration. Here the discharge was absolute and positive, and it amounts in law to a fraud on Goodman to give such positive assurance of discharge and afterwards to endeavor to hold him liable. Where a surety is discharged on the ground of extension of time being given to the principal without the knowledge or consent of the surety, the moving reason is that it amounts to a fraud on the surety; certainly here the injury to the surety is much greater, and therefore it should be sustained as a valid and sufficient release. As to the discharge being in South Carolina, the law will be presumed to be the same there as here, unless the contrary be shewn. The note came to the hands of the plaintiff after it fell due, and is therefore subject to any defence which could affect it in the hands of the original holder.

Stewart, for the appellee. The cause is now presented under an entirely new and different aspect; the question and points now raised were never urged nor raised in the Court below. The defendant below relied on two pleas; first, the general issue, and second, a special plea of release for valuable consideration. The effect of the first plea was to deny and put the plaintiff upon proof of his allegations, and the object of the special plea was to admit that the plaintiff once had a good cause of action, but to set up new matter of defence to shew that the cause of action no longer existed. The object of pleading is to apprize the opposite party of the defence relied on, so that he may be prepared to meet it. Where a party pleads a special plea, he should be held to it, because it amounts to an admission that the matter he pleads is the only defence by

way of avoidance he has or intends to set up, that it is the only defence his adversary must meet, and that if he does not sustain that, he has none other he wishes to oppose. Now in this case we came prepared to meet the defendant on the two grounds of defence he assumed, we were prepared to prove the allegations in our declaration to overcome his general issue plea, and also to shew that he never had obtained a release for a valuable consideration given, and those two propositions we did maintain. Here the defendant shifts his ground, and now says that the matter of avoidance he relics on was good under the plea of the general issue, a question which never was raised below. This shews the impropriety and unsoundness of the rule relied on, that a release may be given in evidence under the general issue, although there be a special plea in which the same matter is pleaded, and although as pleaded it is not a good defence. Chitty's pleadings is referred to in support of the latter part of this position, but in that book no authority is cited to support the doctrine, it is but the *dicta* of the author. This operates as a perfect surprise on the plaintiff. If a release can be given in evidence under the general issue, I do not see any thing which cannot, for it certainly is affirmative matter, and it admits that a cause of action once existed, but that by reason of new matter which has since occurred, it no longer exists. This is the very test by which it is determined whether a defence must be pleaded specially or not. Chitty gives this as the distinction, it is a clear and broad one.[a] If this rule is to be broken down, it is better to dispense with all pleading, for it is deceptive, and will tend to throw a party off his guard instead of proving a protection to him. Then I contend that the defendant having pleaded his release, he must prove it as pleaded; and that it is relaxing the rule entirely too much, to permit a release to be proved under the general issue, particularly under such circumstances; it is better to abolish it entirely, for we will never know how far it may be relaxed.

Then to apply the evidence offered to the plea of release, the Court below was clearly right. A parol release of a debt, without consideration, is void; a release, to bar an action, must either be under seal, or must be founded on valuable consideration. In the case of *Crawford v. Millspaugh*,[b] the release was in writing, and signed by the party, yet it was held not to discharge the action, not being under seal and not being on valuable consideration. When

*JULY 1830.*

*Goodman v. Griffin.*

[a] 1 Chittys P. 465.

[b] 13 Johns. R. 87.

JULY 1830.

Goodman
v.
Griffin.

the release is under seal, a valuable or good and sufficient consideration is implied, but when not sealed, and given after a breach of contract, the consideration must be proved; it is *nudum pactum.* In as much as the appellant relies on a release by operation of law in South Carolina, he, maintaining the affirmative, should shew that by the laws of that State, on those facts, he would be entitled to a discharge. For it is not on the express release he relies, he abandons that plea, he now relies on the facts of the notice, and insolvency of the principal, and on the omission to sue; perhaps those facts would not amount to a discharge there.

CRABB, in conclusion.

*a* 1 Stewart
11.

By JUDGE COLLIER. The assignment of error brings to our view, the correctness of the instructions given by the Court below. In *Bruce v. Edwards a* it was ruled, that the statute which requires the surety, in order to his discharge, to make a request in writing of the holder of a note or bond, to sue the principal, was cumulative; and that the surety might discharge himself by a verbal request to sue, if after a failure of the holder to comply, the principal became insolvent. It is apparent, according to the law as stated in that case, that the Judge erred in his instructions to the jury. He did not leave it to them to decide the questions of fact whether the request to sue was made by Cheatham, or whether Myrick was able to pay the note at the time of the request, and whether he has since become insolvent. The decision of these questions appropriately belonged to the jury, and had they been all found affirmatively by them, the plaintiff in error would have been entitled to a verdict. But the judge decided that nothing but a written request would discharge the surety.

As the question was not argued, we purposely decline expressing an opinion whether a parol release founded upon a valuable consideration, is pleadable at law. It is sufficient to remark, that the discharge attempted to be set up by the plaintiff is founded upon no adequate consideration. The decision in *Bruce v. Edwards,* expressly professes to be founded upon the common law, which in the absence of opposing proof must be presumed to be the same in the several States of the Union;*b* and the reasonableness of this presumption is quite apparent, when it is recollected that they all derive it from a common source; *c*

*b* 8 Mass. R.
99.
*c* Kents Com.
...

.and although the several matters which the plaintiff in error offered in his defence transpired in South Carolina, and are controllable by the *lex loci*, the local law of that State will be presumed to be similar to that of this.   The judgment is reversed and the cause remanded.

Reversed and remanded.