JOHN McLAUGHLIN AND J. ELMER STOUT v. JAMES BISHOP.

If the description of a close intended to be conveyed, includes a number of particulars, all of which are essential to ascertain its identity, no estate will pass except such as will agree with every part of the description; but if the tract intended to be conveyed is indicated with reasonable certainty, it will pass by the conveyance, that the intent of the parties may prevail, although in some respects the description is erroneous.

In ejectment. On the trial of this issue at the Middlesex Circuit, a verdict was rendered for the plaintiff, and a rule to show cause why the verdict should not be set aside was granted, on the ground of a misdirection of the justice at the circuit.

Argued at November Term, 1871, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For plaintiffs, *A. V. Schenck.*

For defendant, *G. C. Ludlow.*

VAN SYCKEL, J. Both parties derive title to the premises in question, lots Nos. 861 and 862, in parcel thirty, in the fifth ward of New Brunswick, from James C. Van Dyke, who, by his will, proved in 1843, devised them, in connection with many other lots, to Rachel Jackson, Lydia Van Dyke, Frederick A. Van Dyke, and Frederick A. Van Dyke, in trust, to be divided into four equal parts.

Rachel Jackson, in 1853, conveyed her undivided interest in all the devised lands to Frederick A. Van Dyke.

In 1862 Frederick A. Van Dyke, then holding three-fourths of the estate, and Lydia Van Dyke one-fourth, executed conveyances to each other, so that each held in severalty a large number of lots.

The defendant claims that the premises in controversy

passed to Lydia by the deed from Frederick A. Van Dyke, dated March 13th, 1862, and by her will to Emily Jackson, through whom the defendant deduces title; while the plaintiffs allege that they are not embraced in that deed, and that Lydia, at the time of her decease, held only an undivided one-fourth interest, which, under the residuary clause of her will, fell to the plaintiffs' grantor, Frederick A. Van Dyke, who, before that time, held the undivided three-fourths.

The difficulty arises from a latent ambiguity in the description of the property conveyed by Frederick to Lydia.

If the description of a close intended to be conveyed includes a number of particulars, all of which are essential to ascertain its identity, no estate will pass except such as will agree with every part of the description; but if the tract intended to be conveyed is indicated with reasonable certainty, it will pass by the conveyance, that the intent of the parties may prevail, although in some respects the description is erroneous. *Worthington* v. *Hylyer*, 4 *Mass.* 195; *Jackson* v. *Clark*, 7 *Johns.* 223.

What part of the description shall be rejected and what part shall control the grant, must depend, in a measure, upon the collateral facts and circumstances which appear in the case, the search in all cases being for the intention of the parties. *Thatcher* v. *Howland*, 2 *Metc.* 41; *Goodtitle* v. *Bailey*, *Cowper* 597.

If, in the light of all the proofs in the case, the intent cannot be fairly drawn from the words used, the grant will be frustrated and no estate will pass.

The deed from Frederick to Lydia, upon which this controversy turns, purports to convey to Lydia "one hundred and twenty-seven lots in the city of New Brunswick, distinguished on a map made by Daniel Ewen, by the several numbers marked thereon." After giving the numbers of ninety lots, and the parcel number by which they are designated, the deed recites that they are the same lots which Stone and wife conveyed to James C. Van Dyke, and then conveys as follows: "And also two lots numbered on said map 361

and 362, being also designated on said map by parcel No. 30," and afterwards describes the balance of the one hundred and twenty-seven lots.

In this suit the plaintiffs seek to recover possession of lots numbered 861 and 862, in parcel 30, on the fifth ward map.

In resisting this claim the defendant sets up that these lots passed to Lydia by the last-mentioned deed under the description, "and also two lots numbered on said map 361 and 362, being also designated on said map by parcel No. 30," and insists that the said lots are erroneously numbered in the deed 361 and 362, instead of 861 and 862.

There being no lot numbers 361 and 362 on any parcel No. 30, it is a latent ambiguity in the deed, which it is competent to remove by proof of such collateral facts and circumstances as will give expression to the intention of the parties. The only question is, whether from all the proofs in the case such intention can be drawn.

There are four separate maps of lots, and of the ninety lots first conveyed in this deed, thirty-eight are in parcels, numbered forty-six on the first ward map; thirty-three in parcels, numbered forty-six on the fourth ward map; and nineteen in parcels, numbered forty-six on the fifth ward map, as appears both from the maps themselves and the deed of William L. Stone, the grantor of James C. Van Dyke.

These ninety lots being all described in the deed as being on a certain map made by Daniel Ewen, and being actually found on three several maps, the term map is manifestly used to denote the entire mapping, and not a single map, and therefore the reference to "said map," in the conveyance of said lots 361 and 362, in parcel 30, leaves it indefinite and uncertain on which of the three maps, or in which of the three wards the said two lots lie. If the parcel No. 30 is allowed to govern the location, the uncertainty is not removed. Upon the first ward map are found two parcels numbered 30; on the fourth ward map, four; and on the fifth ward map, five parcels numbered 30. Lots numbered 361 and 362 are found on each of these three maps, but in neither one

McLaughlin et al. v. Bishop.

on parcel No. 30 ; and in the parcel numbered 30, in which the defendant locates these lots, there are three lots, numbered 860, 861, and 862, and therefore the parcel number is not sufficiently descriptive of the two lots.

No aid can be derived from a careful examination of the mutual conveyances between Frederick and Lydia. If those deeds had effected a full partition between them of all the lots owned by James C. Van Dyke and Frederick as executor of James, and had thus shown that there were no lots for the conveyance from Frederick to operate upon except Nos. 861 and 862, in parcel No. 30, the requisite certainty would be attained. But this was not a full partition ; among other lots not embraced in it are Nos. 329, 330, 331, 332, 361, 362, 363, and 364, in parcel No. 6, in the first ward, and No. 860, in parcel No. 30, in the fifth ward. All these last mentioned lots, except No. 860, were conveyed by Frederick A. Van Dyke to Azariah D. Newell, subsequent to the date of the conveyance to Lydia.

Under the most liberal rule of interpretation nothing can be found, after the most diligent search, to indicate the purpose of the grantor, and by reason of the unexplained ambiguity, the grant is frustrated.

In my opinion, the instruction of the judge at the circuit was correctly given, and the rule to show cause should be discharged.

The CHIEF JUSTICE and Justice DEPUE concurred.

CITED in *Boon* v. *Pierpont*, 1 *Stew.* 11.