# Cromwell v. Horton.

94   647
131   183

*Attachment for Rent by Administrator of Deceased Landlord.*

1.    *Competency of witness as affected by interest, in action by adminis-
trator.*—In action for rent brought by the administrator of a deceased
landlord, a witness who, acting as agent for the deceased, was present
at a settlement between her and the defendant, may testify as to the
conversation between them (Code, § 2765), although he was appointed
by her will trustee of a particular fund bequeathed to one of her
grandchildren; that fund not being involved in the suit, and no other
interest on the part of the witness being shown.

2.    *Sufficiency of exception.*—In an action by an administrator, ob-
jection being made to the testimony of a witness as to a conversation
between the decedent and the defendant at which he was present,
on the ground that he was incompetent under the statute (Code,
§ 2765), which objection the court sustained, and excluded his said
testimony; an exception in these words, "Plaintiff objected to the
exclusion of said evidence of M., on the ground that the evidence did
not show he was interested in the result of the suit; which objection
the court overruled, and the plaintiff excepted," sufficiently shows
an exception to the ruling of the court in excluding the testimony of
the witness.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by John T. Cromwell, as the ad-
ministrator of the estate of Mrs. Mary P. Roper, deceased,
against Scott Horton; and was commenced by attachment
sued out before a justice of the peace, on the ground that the
defendant had removed a part of the crop from the rented
premises without paying the rent claimed to be due to Mrs.
Roper's estate.    The court sustained an objection by the de-
fendant to a part of the testimony of J. D. Mason, a witness
for the plaintiff, on the ground that he was interested in the
suit; and the plaintiff's exception to this ruling is thus stated
in the bill of exceptions:    "The court sustained the motion,
and excluded the testimony so far as it related to any transac-
tion or conversation with said Mary P. Roper, deceased.
Plaintiff objected to the exclusion of said evidence of Mason,
on the ground that the evidence did not show that said Mason

[Cromwell v. Horton.]

was interested in the result of the suit; which objection the court overruled, and the plaintiff duly excepted."

A. P. Longshore, for appellant.

W. B. Browne, and Peters, Wilson & Wyman, *contra.*

WALKER, J.—This suit was brought to recover the amount alleged to be due as rent from the defendant as a tenant of the plaintiff's testatrix, Mrs. Mary P. Roper, deceased. The defendant denied that the land in question belonged to Mrs. Roper's estate, and alleged that he had never contracted to pay rent therefor to her, or to the plaintiff as her personal representative. J. D. Mason, a witness for the plaintiff, stated that he made a settlement for Mrs. Roper, and that his best recollection was that the defendant was present; that Mrs. Roper then claimed of the defendant the sum of fifty-seven dollars for rent; that defendant did not deny that he owed rent to Mrs. Roper; that the balance due, after credits were given, was claimed by Mrs. Roper of the defendant for rent. The defendant moved to exclude that part of the conversation which was had with Mrs. Roper, on the ground that the witness was interested in the suit as a trustee under a codicil to Mrs. Roper's will, which was offered in evidence in support of the motion. The court sustained the motion, and excluded the testimony of the witness, so far as it related to any transaction or conversation with the decedent. The plaintiff objected to this action of the court, on the ground that the evidence did not show that the witness was interested in the result of the suit. The exception was to the action of the court in overruling this objection.

The witness Mason was not a nominal party to the suit. He could not, therefore, come within the exception as to competency prescribed by the statute, unless he was so beneficially interested in the result as to be within the spirit of the statutory prohibition, so that, in order to give effect to the policy of the law, he should be treated as he would have been if he had been named as a party to the cause.—Code of 1886, § 2765; *Boykin v. Smith*, 65 Ala. 295; *Drew v. Simmons*, 58 Ala. 463; *Hodges v. Denny*, 86 Ala. 226; *Sublett v. Hodges*, 88 Ala. 491. It may be remarked that this case was tried before section 2765 of the Code was amended by the act approved February 10, 1891.—Acts 1890–91, p. 557. By the codicil to the will the witness Mason was appointed trustee of certain property, which was directed to be used for the support and education of a great-grandson of the testatrix. Part

[Cromwell v. Horton.]

of that property was money in the hands of a firm of which the witness was a member. There was also a direction in the codicil as to the disposition of the money due on a note of the witness to the testatrix, None of the property mentioned in the codicil was in any way involved in this suit. There was no evidence tending to show that the witness could have been at all affected by the result of the suit.

It is suggested for the appellee that the witness was interested in the collection of all assets of the estate, so that no necessity might arise for using in the administration of the estate any of the property which he was to hold as trustee, and for the management of which as trustee he would be entitled to compensation so long as it was not required to pay debts of the estate. There was no proof that there were any debts against the estate, or that the assets of the estate, besides the claim involved in this suit, were not amply sufficient to meet all liabilities, if there were any, without looking to the property covered by the trust provided for by the codicil. A mere suggestion of a remote and contingent interest, of the existence of which there is no evidence, does not warrant the exclusion of a statement by one not a party to the suit. *Huckaba v. Abbott*, 87 Ala. 409. The evidence failed to show that the witness was pecuniarily interested in the result of the suit. It was improper to exclude his statement on a ground which was not shown to exist.

There is no merit in the criticism by appellee's counsel upon the manner of reserving the exception to the ruling of the court. The statement by the witness having been excluded, on the specific ground that he was interested in the result of the suit, the plaintiff's objection to such exclusion was properly based upon the suggestion to the court that the evidence failed to show the existence of the fact of interest. If the exception had been directly to the action of the court in granting the defendant's motion to exclude, that exception would have been sustained here, because of the insufficiency of the evidence to show that the witness was interested. The exception which was reserved presents the same erroneous action of the court. The specified ground of the objection correctly stated wherein the error of the ruling consisted. The action of the Circuit Court in excluding the statement of the witness is duly and properly presented for the consideration of this court. For the error in that ruling the judgment must be reversed.

The assignments of error as to the two charges given for the defendant do not seem to be seriously insisted upon. No error is discovered therein.

Reversed and remanded.