# Howle *v.* Edwards.

*Action on Promissory Note by Payee Against Surety.*

97   649
s113  195

97   649
f122  425
122  578

97   649
128  128

97   649
131  183

97   649
142  151
142  366

1. *Section 3153 of the Code does not abrogate the common law rule as to when surety is released.*—Section 3153 of the Code, which provides that a surety may require a creditor *by notice in writing* to bring suit·against the principal debtor, and, if he does not do so, the surety is discharged, does not abrogate the common-law rule that such request to the holder of a note, though not in writing, discharges the surety when by the negligence of the creditor to sue the means of recovering against the principal are lost.

2. *When demurrer to surety's plea as to his demand that principal debtor be sued improperly sustained.*—A plea which alleges that the surety requested the holder of the note to bring suit thereon, and that at the time of such request and long afterwards, the principal debtor had personal property from which the note· could have been collected, but that the creditor failed to bring suit as requested, and permitted the principal debtor to dispose of his property, cannot be successfully demurred to on the ground that the request to sue was not made in writing.

3. *When extension of time of payment does not discharge surety.*—A surety is not discharged from liability by an extension of the time of payment granted to the principal without the consent of the surety, unless the agreement for the extension of time is supported by a legal and valuable consideration.

4. *Appellant in this case cannot bring up for review the sufficiency of ground of demurrer to pleas which were overruled.*—It cannot be claimed that there were demurrers to the pleas on other grounds, which should have been sustained, and that hence, sustaining the above demurrer, if erroneous, was error without injury, since the sufficiency of the other grounds of demurrer cannot be brought up for review by appellant, and, having been overruled by the court below, must be regarded on this appeal as insufficient.

5. *Section 2765 does not render a party sued by the widow, not suing as the personal representative, incompetent to testify as to transactions with or statements by her deceased husband.*—In a suit by a widow against the surety on a note held by her deceased husband, when the widow does not sue as the personal representative of his estate but as his widow, testimony of the maker of the note that the husband granted him an extension of time for payment is admissible since there is no such

[Howle v. Edwards.]

conflict of interest between the witness and decedent that his estate can be said to be interested in the result of the suit, within the meaning of Code, § 2765, which prohibits in such case, a party adversely interested from testifying as to transactions with deceased.

APPEAL from the Circuit Court of Cleburne.

Tried before Hon. LEROY F. BOX.

The original complaint alleged that the note was the property of the plaintiff while the count added by way of amendment alleged, that the plaintiff sues as the widow of J. W. Edwards, deceased, the payee of the note sued on, who died in May, 1887 ; and that no administration upon her said husband's estate has been had, and that no personal property of the estate has been set apart to her or her minor children and that the note sued on was the property of her husband's estate." The summons was served upon the defendant, H. M. Howle, but was returned as "not found," as to Edwards. The defendant, Howle, interposed several pleas to the complaint. The substance of the first is stated in the opinion. The second plea set up the defense that J. W. Edwards, the payee, contrary to the direction of the said Howle, the surety, agreed with the principal to extend the time of the payment of the debt. The third plea set up the defense that R. B. Edwards, the principal, executed and delivered to J. W. Edwards another note in full accord and satisfaction and discharge of the indebtedness evidenced by the original note, which was executed by the said J. W. Edwards ; and, by the fourth plea, that many payments had been made upon the said note amounting in the aggregate to more than the face of the original note. The plaintiff demurred to these several pleas, and the first ground of demurrer to the first plea was sustained, while the others were overruled. The defendant introduced the deposition of R. B. Edwards, which tended to prove that the note here sued on was given to J. W. Edwards in payment of his interest in a stock of goods, and that the defendant, H. M. Howle, signed the same as surety for R. B. Edwards. This witness then testified in his deposition to the transaction with the said J. W. Edwards in which a second note was given, stating the facts and circumstances in accordance with the first plea, as set up by the defendant. After it was proved that J. W. Edwards was dead, the court, on motion of the plaintiff, excluded all that part of the deposition of the witness R. B. Edwards that related to the statements by, or transactions with, the deceased, J. W. Edwards, "on the ground that the interest of the said witness was adverse to the interest of the plaintiff," and the defendant duly excepted to the ruling of

[Howle v. Edwards.]

the court. Upon the introduction of all the evidence, the defendant requested the following written charges and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that H. M. Howle signed the note sued on as surety and that J. W. Edwards did any act extending.the time of the payment of the note to his principal debtor without the consent of said surety, then the said surety is released from any obligation to pay said note, and your verdict must be for the defendant." (2.) "If the jury believe from the evidence that H. M. Howle was surety on the note sued on; and at any time after the note was signed J. W. Edwards did any act injurious to the surety, or inconsistent with his rights, without the consent of the surety, then the surety is released and your verdict must be for the defendant." (4.) "If the jury believe from the evidence that H. M. Howle signed the note sued on as surety, and that J. W. Edwards omitted to do any act, when required by the surety which his duty devolved on him to do, and the omission proved injurious to defendant, H. M. Howle, the said Howle is released, and your verdict must be for the defendant."

MERRILL & BRIDGES, for appellant. After verbal notice, or direction from a surety to holder of note to sue, he fails to do so, and principal becomes insolvent, surety is discharged. *Bruce v. Edwards*, 1 Stew. 11; *Goodman v. Griffin*, 3 Stew. 160. The statute requiring the notice to be in writing is cumulative, and does not abrogate the common-law, *Goodman v. Griffin*, 3 Stew. 160.

A surety has a right to stand upon the terms of his contract.—*Ellis v. Bibb*, 2 Stew. 63; *David v. Malone*, 48 Ala. 428; *M. & M. R'y. Co. v. Brewer*, 76 Ala. 135, 87 Ala. 334. Acts injurious to the surety done by the creditor, discharges the surety.—*David v. Malone*, 48 Ala. 428.

AIKEN & BURTON, for appellee, contended that the plea of verbal notice was bad, and that the demurrer thereto ought to have been sustained, and cited 1 Brick. 74, page 778.

HEAD, J.—The first assignment of error brings for review, the ruling of the court, on the demurrer to the first plea of defendant. The plea avers, in substance, that defendant signed the note sued on as surety for R. B. Edwards, and that on, or about February 1, 1887, he requested and directed J. W. Edwards, the payee and holder of the note at that time to bring suit thereon and to collect the same by

legal process. It also avers, that R. B. Edwards was, at the time of such request and direction, and long afterwards, solvent, and had a sufficiency of personal property in this State, from which the amount of the note could have been easily collected by legal process; but, that J. W. Edwards failed to bring suit, and permitted R. B. Edwards to dispose of his property, and remove the same out of this State. Several grounds of demurrer were assigned, the first, the only one sustained by the court, being that the plea fails to allege that the direction to sue was in writing.

This ground of demurrer, and the ruling thereon, were evidently based on section 3153 of the Code, which provides that a surety upon any contract for the payment of money may require the creditor, by notice. in writing, to bring suit thereon against the principal debtor; and if suit is not brought to the first court to which it can be brought after the receipt of such notice, and prosecuted with diligence, the surety is discharged from all liability. The original act, which was condensed and incorporated in the Code of 1852 as section 2647, and transferred in the same phraseology in the succeeding Codes, was enacted in 1821.—Clay's Digest, 532. In *Bruce v. Edwards*, 1 Stew. 11, which was decided in 1827, it was ruled, that the statute did not abrogate the common-law rule, but was merely cumulative. The rule at common-law was, that notice to the holder of the note, though not in writing, and request to sue the principal, operated to discharge the surety, when by the negligence of the creditor, the means of recovering the debt from the principal had been lost, or damage accrued to the surety, and is a good plea in bar of an action on the note against the surety.— *Goodman v. Griffin*, 3 Stew. 160; *Pickens v. Yarbrough*, 26 Ala. 417.

It is, however, insisted that, there being other grounds of demurrer which should have been sustained, sustaining the first ground, if erroneous, is error without injury. The general rule is, that error in sustaining a demurrer to a special plea will operate to reverse, unless it affirmatively appears, that injury did not accrue to the defendant. Pretermitting a decision, whether the other specified objections to the plea are well taken, it suffices, that the sufficiency of the other grounds of demurrer, is not, and can not be brought for revision by appellant, and having been overruled by the Circuit Court, they must be regarded, on this appeal, as insufficient. The doctrine of error without injury does not apply in such case. The facts averred in the plea, if established, constitute a good and available defense

[Howle v. Edwards.]

to the action. The first ground of demurrer was improperly sustained.

By section 2765 of the Code, the exception to the general rule of competency, which prohibited a witness from testifying to any transaction with, or statement by a deceased person, was limited to the parties to the suit, and their beneficiaries.—*Morris v. Birmingham Nat. Bank*, 93 Ala. 511; s. c., 9 So. Rep. 606. The section was amended by the act of February 10, 1891, by inserting, in lieu of the words "*neither party*," the words, "*no person having a pecuniary interest in the result of the suit.*" The amended act reads as follows: "In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue to be tried, except, that no person having a pecuniary interest in the result of the suit, shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by the deceased person whose estate is interested in the result of the suit or proceedings, or when such deceased person, at the time of said transaction or statement, acted in any representative, or fiduciary relation whatsoever, to the party against whom such testimony is sought to be introduced," unless, called to testify thereto, by the party to whom such interest is opposed, or unless, if the deceased person acted in such representative or fiduciary relation, the testimony as to a transaction with or statement by him is introduced by the party whose interest is opposed to that of the witness.—Acts 1890–91, 557. Under the amendatory act, parties are allowed to testify as to transactions with, or statements by a deceased person, if they have no pecuniary interest in the result of the suit. In order to come within the exceptive prohibition, three conditions must co-exist: first, the witness must have a pecuniary interest in the result of the suit; second, his interest must be opposed to the party against whom he is called to testify; and third, the estate of the deceased person must be interested in the result of the suit, or he must have acted in a representative or fiduciary relation to the party against whom the testimony is sought to be introduced.

It may be conceded, that the liability of R. B. Edwards, the principal, to the defendant as his surety, for the costs of this suit, if it goes against the latter, constituted a pecuniary interest in its result. Also: as he would not be liable to the plaintiff for the costs incurred by her, if the suit should result in favor of the surety, it may be plausibly contended, that the pecuniary interest of the witness is opposed to the plaintiff; but whether interest as to the costs only, the in-

[Howle v. Edwards.]

terest of the witness being otherwise equally balanced, is in the meaning and intention of the statute such pecuniary interest in the result of the suit, as will exclude his testimony as to any transaction with, or statement by the decedent, we do not decide; and pass the question with the remark, that as a general rule an exception or proviso takes no case out of the enacting clause, which does not fairly fall within its terms. If conceded, the enquiry remains, whether the estate of J. W. Edwards is interested in the result of the suit. In *Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 566, it is said: "A case can not arise for the application of the present exception, unless it involves a direct, immediate conflict of interest between the dead and the living. It is only when such conflict of interest exists, that it can be said, the estate of the deceased person is interested in the result of the suit." This construction of the language of the statute, in this respect, has been uniformly adhered to.—*Dismukes v. Tolson*, 67 Ala. 386.

The plaintiff does not sue as the personal representative of the estate of J. W. Edwards, but as his widow. True, the original complaint avers that the note is the property of plaintiff, but the amendment to the complaint also avers that it was the property of her husband's estate. It is manifest, from these averments, that she claims title to the note, and the right to maintain the action by virtue of her right to an exemption, on the ground that no administration has been granted, and no personal property set apart to the widow or minor children as exempt. There being neither averment nor proof that a selection of the note as exempt was made in any of the modes prescribed by the statute, the title or right of possession was not vested in her.—*Tucker v. Henderson*, 63 Ala. 280. But, the question of ownership, or beneficial interest not being raised by demurrer or plea, the character in which plaintiff sues, and the right claimed, become important only in determining whether the estate of J. W. Edwards, her husband, is interested, in the legal sense, in the result of this suit.

As the only opposition or interest is in regard to the disposition of the costs, and as in no event his estate can be made liable therefor, there is no such direct and immediate conflict of interest between the witness and decedent, that his estate can be said to be interested in the result of the suit. The testimony of the witness can not have effect to diminish the rights of his estate. The interests of the plaintiff as his widow only are involved, and whatever may be the result, his estate remains in fact undiminished.

[First National Bank of Decatur v. Johnston.]

*Kumpe v. Coons,* 63 Ala. 448. A judgment for or against the plaintiff would be no bar to a subsequent action by the rightful administrator. The interests of his estate will not be affected though the plaintiff may not recover. The third condition mentioned above not existing, R. B. Edwards, the principal, is competent to testify in this suit to transactions with or statements by the deceased in regard to the note.

It is well settled that a surety on a contract for the payment of money is discharged from liability by any extension of the time of payment granted to the principal by the creditor on a valuable consideration, without the consent of the surety, whereby the creditor's right to sue is disabled for any period of time however short.—*Mo. & Montg. R'way Co. v. Brewer,* 76 Ala. 135. Merely giving further time gratuitously without consent of the surety will not discharge the latter. There must be a valid agreement to extend, precluding the creditor from suing as soon as he had the right to sue according to the terms of the original contract; and there can be no valid agreement, unless supported by a legal and valuable consideration.—*Cox v. Mo. & Girard R. R. Co.,* 37 Ala. 320. Applying these principles, the first and second charges requested by defendant are defective. They do not predicate the discharge of the defendant on an extension of time by a valid agreement; and besides they submit to the jury a legal question. The same observation applies to the fourth charge.

For the errors mentioned, the judgment is reversed.

This opinion was prepared by the late Justice CLOPTON, and adopted by the court.

Reversed and remanded.