# Manegold Admx. *v.* Massachusetts Life Insurance Co.

*Action on Contract of Insurance.*

1. *Evidence; competency of parties as affected by interest.*—Where an insurance company receives an application for insurance through an agent, and the applicant dies and his administratrix brings suit on the alleged contract, the agent acted for the company is competent to testify as to the transactions with the deceased.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was a suit upon an alleged contract of insurance upon the life of Joseph A. Manegold, and was brought by Clara J. Manegold, as the administratrix of Joseph A. Manegold, against the appellee, the Massachusetts Life Insurance Company.

Joseph A. Manegold made application for ten thousand dollars insurance in the Massachusetts Life Insurance Company, through J. H Smith and P. C. Watts, agents for the company. Manegold was examined by defendant's physician, at Montgomery, and the application and report were forwarded to the company. In payment of the first premium, Manegold gave his note for four hundred and thirty-two dollars, due February 15, 1899, and dated October 7, 1898, payable to J. H. Smith and P. C. Watts.

A receipt was taken for this note, signed by "J. H. Smith, manager," and "P. C. Watts, gen. agt." The receipt stated that it was given for the first annual premium on ten thousand dollars life insurance with the defendant company. Manegold's note was discounted by Smith on November 4, 1898 . The application was rejected by the company, and Watts, as agent, about November 9, so informed Manegold. Watts told Manegold that if he would take another examination he might be accepted by the company, and said to him

[Manegold, Admx. v. Massachusetts Life Insurance Co.]

that he would return the note given for the premium if
he desired it. Manegold decided to be examined again,
and said that it was not necessary to return the note
until the matter was finally settled. Manegold died
on the 20th of November, 1898. The defendant company
denied the existence of any contract of insurance, and
plaintiff sued.

At the trial, P. C. Watts, agent for the defendant, was
introduced by defendant to prove the signature of Man-
egold; that the true date of the application, note and
receipt was October 27, and not October 7; that he
himself informed deceased that the company had re-
jected the application; and that deceased told him that
he would be examined again. Plaintiff objected to this
testimony on the ground that in these transactions de-
fendant acted through Watts, as its agent; that Mane-
gold was dead, and his estate was interested in the re-
sult of the suit. The court overruled the objection. The
affirmative charge was given at the request of the de-
fendant, and plaintiff duly excepted.

There were verdict and judgment for the defendant.
The plaintiff appeals, and assigns as error the several
rulings of the trial court to which exceptions were re-
served.       •                    :

WATTS, TROY & CAFFEY, for appellant.—When a cor-
poration contracts through an agent, and the other party
dies, the agent who acted for the corporation cannot
testify as to transactions with deceased, in a suit brought
by his administrator on the contract.—*Planters Bank
v. Neal,* 74 Ga. 576;29 Ency Law (1st ed.), 716-717;
*Solding v. Bonner,* 35 Mo. App. 349; *Kempe v. Coons,*
63 Ala. 455.

The design of section 1794 of the Code is to protect
the estates of decedents against the setting up of fraud-
ulent defenses and establishing against them of fraudu-
lent claims or unfounded causes of action.—*Huckabee
v. Nelson,* 54 Ala. 12; *Hoges v. Denny,* 86 Ala. 228;
*Dismukes v. Tolson,* 67 Ala. 389; *Stuckey v. Beeler,* 41
Ala. 700; *Harwood v. Harper,* 54 Ala. 667; *Mobile v.
McDonald,* 87 Ala. 740; *Dudley v. State,* 71 Ala. 426;
*Wood v. Brewer,* 73 Ala. 202.

The rule of exclusion established by the statute has been held to embrace many who are *beneficially*, though not nominal, parties to the suits.—*Keel v. Larkin*, 72 Ala. 504; *Stallings v. Hinson*, 49 Ala. 92.

R. L. HARMON, *contra*.—P. C. Watts was a competent witness under section 1794 of the Code. He was not a party to the suit, nor is he shown to have had any pecuniary interest in the result of the suit or proceedings, opposed to the interest of the plaintiff. His pecuniary interest was contingent upon the application being accepted by the company, and, hence, is identical with the interest of the plaintiff, rather than opposed to her interest.

He did not act in a representative or fiduciary relation to deceased, against whose estate it is claimed that his testimony is sought to be introduced. The burden of proof was upon plaintiff to show that the witness Watts came within the prohibition or exclusion of the statute. *Huckabee v. Abbott*, 87 Ala. 409; *Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 556; *Espalla v. Richards*, 94 Ala. 159; *Cromwell v. Horton*, 94 Ala. 647.

McCLELLAN, C. J.—It seems quite clear to us that the witness Watts was not a "person having a pecuniary interest in the result of the suit" prosecuted by Mrs. Manegold against the Insurance Company. No possible judgment in that cause could subject his estate to liability or establish a status under which his estate could be subjected or any pecuniary right of his be affected; nor, on the other hand, could any result possible of attainment in that suit involve pecuniary gain to him within either the letter or spirit of the statute. Code, § 1794. It may possibly be that if the Insurance Company had lost this case it would have discharged Watts as its agent, and it may possibly be that such action on the part of the company would have entailed pecuniary loss upon Watts; but it is entirely conjectural whether the company would have discharged Watts, and, if it had, it is further pure conjecture whether he would have suffered pecuniarily thereby. It is, of course, not such uncertain, speculative and remote pe-

[Manegold, Admx. v. Massachusetts Life Insurance Co.]

cuniary interests as those just referred to that will disqualify a witness to testify as to transactions with or statements by a deceased person whose estate is interested in the result of the suit, but to disqualify the interest must be pecuniary and it must be involved in the suit so as to be affected by the judgment to be rendered therein. "A case cannot arise for the application of the * exception unless it involves a direct, immediate conflict of interest between the dead and the living."—*Ala. Gold Life Ins. Co. v. Sledge,* 62 Ala. 566; *Howle v. Edwards,* 97 Ala. 649. "A mere suggestion of a remote and contingent interest, of the existence of which there is no evidence, does not warrant the exclusion of a statement by one not a party to the suit." *Cromwell v. Horton,* 94 Ala. 647.

So far as Watts being shown to have pecuniary interest in the result of this suit *opposed* to the interest of the administratrix against whom he was called as a witness, it would seem that if he can be said to have had any such interest it was in line with the interests of the plaintiff and opposed to those of the party calling him, since if, as plaintiff asserts, he made a contract of insurance which was binding on defendant he was entitled to a certain share of the proceeds of the note given by Manegold for the amount of the first premium, and if defendant succeeded in the action this would be lost to him. But we do not rest our conclusion that he was competent to testify as to what passed between him and Manegold on the suggestion just made. He was clearly competent on the broad ground that he was not shown to have any pecuniary interest in the result of the suit.

There is no disqualification of any witness by the statute because of any relation he may sustain to the parties to the action so long as his relations are not such as render him a beneficial party though not named on the record. The statute does not proceed on the idea that because A was the agent of B in a transaction with C, since deceased, A in a suit involving the interests of B and C's estate growing out of that transaction would presume upon the seal death had impressed upon the lips of C, to testify falsely for B; but it does proceed

upon the theory that there is danger of false swearing on the part of A in the case supposed when he has a pecuniary interest opposed to C's estate in the result of the suit, a danger which arises from the two facts that C cannot contradict him and that the situation offers a reward for his perjury. And so long as A has no such incentive to false swearing as is supplied by a pecuniary interest to be subserved by it in the particular suit, he is a competent witness against C's estate as to any transaction with or statement by C in his lifetime whether in that matter he was the agent of the party calling him, and, if so, whether such party be an individual or a corporation.

Watts—and Smith, too, for that matter—being a competent witness to prove what occurred between him as agent for defendant and Manegold with reference to the rejection of the latter's application for insurance, it was regularly and properly and beyond controversy proved in the case that if any contract of insurance at any time existed between Manegold and defendant, it had been absolutely and completely annulled and avoided prior to the death of Manegold; and the city court was right in giving the affirmative charge, with hypothesis, for the defendant. It is plain also that had the demurrer to the second count of the complaint been overruled, instead of being sustained, and that count had remained in the case, the defendant on all the facts of the case would still have been entitled to the affirmative charge; so that whether the ruling on the demurrer to that count was correct or not is immaterial.

Affirmed.