163 So. 896

## KILGORE v. KIMBRELL.
### 6 Div. 789.

Supreme Court of Alabama.
Oct. 31, 1935.

J. B. Powell, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

KNIGHT, Justice.

Suit upon the common counts for money loaned by plaintiff to defendant's intestate, and for breach of an agreement by and between plaintiff and defendant's intestate whereby plaintiff advanced defendant's intestate, who was at the time sheriff of Walker county, certain moneys, which by the terms of the agreement were to be repaid to plaintiff upon certain conditions, which, it is averred, the defendant's intestate failed to keep and perform. The cause was tried by the court without a jury, and resulted in a judgment for plaintiff. From this judgment the present appeal is prosecuted.

The chief insistences of the appellant here are that Hon. J. M. Pennington, one of plaintiff's witnesses, was disqualified under section 7721 to testify for plaintiff in the cause, inasmuch as Mr. Pennington was "the attorney representing the plaintiff when the transaction occurred to which he testified"; that a case cannot be made out against the administratrix of a deceased person by statements of such deceased person that he was indebted to such plaintiff; that the judgment of the court was erroneous, in that it was not supported by sufficient competent testimony; and,

lastly, that the demurrers to the complaint should have been sustained.

■ With reference to the supposed error of the court in overruling defendant's demurrer, we need only to say that each count of the complaint seems to be in Code form, and is sufficient. Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853.

■ The contention that the complaint was defective in not averring that the claim sued on had been filed as a claim against the estate of the decedent is without merit. The statute of nonclaim presents defensive matter and must be raised by proper plea. Buchmann v. Turner, 221 Ala. 563, 130 So. 196; Hunt et al. v. Murdock, 229 Ala. 277, 156 So. 841; McDougald's Adm'r v. Dawson's Ex'r, 30 Ala. 553; Pipkin v. Hewlett, 17 Ala. 291; Malone v. Hundley, 52 Ala. 147.

Whether, under the evidence, the witness Pennington represented the plaintiff or the decedent is of no moment. Confessedly, he was not a party to the record, nor was it made to appear that he had a pecuniary interest in the suit which would be affected by the judgment to be rendered.

In the case of Manegold, Adm'x, v. Massachusetts Life Ins. Co., 131 Ala. 180, 31 So. 86, 87, this court, speaking through Chief Justice McClellan, held: "There is no disqualification of any witness by the statute because of any relation he may sustain to the parties to the action so long as his relations are not such as renders him a beneficial party, though not named on the record. The statute does not proceed on the idea that because A. was the agent of B. in a transaction with C., since deceased, A., in a suit involving the interests of B. and C.'s estate, growing out of that transaction, would presume upon the seal death had impressed upon the lips of C. to testify falsely for B.; but it does proceed upon the theory that there is danger of false swearing on the part of A. in the case supposed when he has a pecuniary interest opposed to C.'s estate in the result of the suit, a danger which arises from the two facts that C. cannot contradict him and that the situation offers a reward for his perjury. And, so long as A. has no such incentive to false swearing as is supplied by a pecuniary interest to be subserved by it in the particular suit, he is a competent witness against C.'s estate as to any transaction with or statement by C. in his lifetime, whether in that matter he was the agent of the party calling him, and, if so, whether such party be an individual or a corporation."

"A case cannot arise for the application of the * * * exception, unless it involves a direct, immediate conflict of interest between the dead and the living." Alabama Gold Life Ins. Co. v. Sledge, 62 Ala. 566; Howle v. Edwards, 97 Ala. 649, 11 So. 748.

"A mere suggestion of a remote and contingent interest, of the existence of which there is no evidence, does not warrant the exclusion of a statement by one not a party to the suit." Cromwell v. Horton, 94 Ala. 647, 10 So. 358.

■ We conclude that Mr. Pennington was a competent witness for plaintiff, and not disqualified by any exception contained in section 7721 of the Code. Nor must we be understood as holding that Mr. Pennington was, in fact, an agent of the deceased in the transaction. We have simply treated the case in the light of appellant's contention that Mr. Pennington was such agent.

The evidence in this case has been carefully examined and considered by the court, and we are of the opinion that the court below, under the evidence, reached the only conclusion open to it in pronouncing judgment for plaintiff, and in the amount stated in the judgment. This result would be reached, whether the court did or did not commit error in some of its rulings on admission of evidence. Certain it is the court excluded no evidence which, in the remotest degree, tended to support the defendant's defense. Nor is any complaint made here of the erroneous exclusion of any evidence.

■ The record does not disclose what pleas were filed by the defendant, and in this situation we can only assume that the plea of the general issue was interposed.

Under the evidence, the plaintiff was entitled to judgment against the defendant, and the court correctly so adjudged.

No other question presented needs consideration.

It results that the judgment appealed from will be affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.