# Behr *v.* Gerson.

### *Statutory Detinue for Furniture.*

1. *Outstanding title, as against prior possession of plaintiff.*—In detinue, or the corresponding statutory action for the recovery of personal property in specie (Code, §§ 2717-20), the plaintiff may recover on proof of prior possession, unless the defendant shows a better outstanding title, and connects himself with it.

2. *Affidavit to plea of outstanding title, and notice to claimant.*—A defendant in detinue, or the corresponding statutory action, not claiming title in himself, may set up an outstanding title in a third person, with which he connects himself, without making affidavit and praying that such person be brought in to defend his claim (Code, § 2611); the statute being intended for his benefit, and his failure to avail himself of it only leaving the relative rights and liabilities of himself and the adverse claimant unaffected by it.

3. *When action lies; as between boarder and landlord.*—An action of detinue lies only against a person who is in the possession of the property at the commencement of the suit; and when it appears that the plaintiff, having married the defendant's daughter, went with his wife to board with her father's family, carrying with them numerous articles of household furniture, some of which were used

[Behr v. Gerson.]

by him and his wife exclusively, while the rest was placed by them in different parts of the house, and used by the family indiscriminately; and further, that on a separation between him and his wife, he quit the house, leaving his wife there with the furniture, in use as before; *held*, (1) that the defendant did not have such possession as would support an action of detinue against him; (2) that if his possession would support the action against him, he might defend on the claim of ownership by the plaintiff's wife.

4. *Assignment of policy of insurance, or interest in insured property.* An assignment indorsed on a policy of insurance of furniture, by the husband to his wife, in these words. "The interest of M. B., as owner of the property covered by this policy, is hereby assigned to Bertha B., subject to the consent of the company," transfers to the wife the ownership of the property insured.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by Moses Behr against M. L. Gerson and B. Gerson, to recover numerous articles of household furniture, particularly described in the complaint; and was commenced on the 6th September, 1890. The defendants pleaded, jointly and severally, (1) *non detinet;* (2) that they were not, at the commencement of the suit, or at any prior time, in possession of any of the property sued for, nor had or exercised any control whatever over it; (3) that plaintiff and his wife (Bertha Behr), some time prior to the commencement of the suit, came to the house of said M. L. Gerson to board, and brought with them the several articles of furniture now sued for, the greater part of which was placed in the room occupied by them, and the residue in other parts of the house; that plaintiff continued to live in the house with his wife until a short time before the commencement of this suit, when he left the house and his wife, who continued to remain there until after the commencement of this suit, and claimed the furniture as her property, and that defendants never had any possession or control of any part of said property, but the same was under the control of said Bertha, and was claimed by her as her property. A fourth plea was afterwards filed, which alleged that the articles sued for were not the property of the plaintiff, but belonged to the said Bertha Behr, who, at the commencement of the suit, and for some time prior thereto, was boarding at said Gerson's house and occupying rooms there; that the greater part of the furniture was in the room occupied by her, and the other portions were in different places about the house, where they had been placed with her consent, and were subject to her control, and that neither of the defendants had otherwise any possession of the articles sued for.

[Behr v. Gerson.]

The plaintiff demurred to the 3d and 4th pleas, assigning as grounds of demurrer to each, (1) that it attempts to set up title to the property in Mrs. Bertha Behr, but does not connect the defendants, or either of them, with her title; (2) that it attempts to set up a title or claim to the property in a third person, and does not pray for notice to that person to come in and defend; and (3) that it sets up a title or claim to the property by a third person, "but is not accompanied by an affidavit of its truth, and no notice is asked to be served on the alleged claimant to come in and defend." The court overruled the demurrers, and issue was joined on all the pleas.

The evidence adduced on the trial showed, in substance, that the plaintiff married the daughter of said M. L. Gerson, and went with his wife to board at her father's house, carrying with them the furniture here sued for, which plaintiff had bought some time previously; that most of the furniture was placed in the room occupied by them, and the other portions in other parts of the house; that plaintiff and his wife afterwards separated, and he quit the house, while his wife remained, and the furniture was used as before; that plaintiff, a few days before the commencement of this suit, made a written demand on defendants for the furniture, to which they replied, "We have nothing in our possession belonging to Moses Behr;" and that plaintiff had taken out a policy of insurance on the furniture before it was carried to Gerson's house, which policy he transferred to his wife by written indorsement dated October 3d, 1888. The indorsement is copied in the opinion, but the policy itself is not set out in the record. It appeared that a bed-lounge, one of the articles sued for, was bought by the plaintiff after the assignment indorsed on the policy. The plaintiff testified "that the property belonged to him, and that he had never given or sold it to his wife." The defendants testified that the property was left in M. L. Gerson's house, under the circumstances above stated; that neither of them claimed any part of it, but they had used the articles which were not in Mrs. Behr's room, with her consent, she claiming to own all of it.

The plaintiff asked the court to instruct the jury, (1) that the written indorsement on the policy of insurance did not convey to Mrs. Bertha Behr the legal title to the property insured, but was only an assignment of the policy itself; (2) that the policy "did not cover the china and cutlery," and therefore they did not pass by the assignment. The court refused each of these charges, and the plaintiff ex-

[Behr v. Gerson.]

cepted ; and he also excepted to a charge given on request of the defendants, "that the jury, if they believed the evidence, must find for the defendants, for all articles sued for except the lounge."

The rulings on the pleadings, the charge given, and the refusal of the charges asked, are assigned as error.

LOMAX & TYSON, for appellant.

TOMPKINS & TROY, *contra.*

COLEMAN, J.—The demurrer to the pleas raises two propositions : 1st, that a defendant in an action of detinue can not set up the title of a third person to defeat a recovery in detinue, without connecting himself with it; and, 2d, that if the defendant undertakes to set up a title in a third person, he must make affidavit, and pray that notice to such person be issued, to come in and defend. Where the plaintiff can not show an actual prior possession, he must show a legal title, to authorize a recovery in detinue ; but prior possession is sufficient, unless the defendant shows a better outstanding title with which he connects himsef.—*Jones v. Anderson,* 76 Ala. 427 ; *Huddleston v. Huey,* 73 Ala. 215 ; *Jackson v. Rutherford,* 73 Ala. 155 ; *Hall v. Chapman,* 35 Ala. 559.

The second proposition involved in the demurrer to the pleas is not sustained by section 2611 of the Code, cited in support of it. This section, which provides that a defendant, when sued in detinue, may make affidavit that the property sued for is claimed by a third person, and pray for an order that such person come in to defend, was never intended to defeat the common-law right of a defendant to set up an outstanding superior title to plaintiff's, with which he connects himself. If the defendant fails to avail himself of the benefit provided for him in section 2611, his liability to his bailor, or as the case may be, remains as it was without the statute.—*Powell v. Ledyard,* 76 Ala. 423.

The demurrer goes to the whole of pleas 3 and 4. An examination of these pleas shows that they set up a state of facts which, if true, furnish a complete defense to the action, without reference to the defense of an outstanding title in a third person. The pleas distinctly aver that the defendants were not in possession of, and exercised no control over the property sued for, at the time of the commencement of the suit. This is the same defense set up in plea No. 2, upon which issue was joined. No other objection

[Behr v. Gerson.]

than that specifically pointed out by the demurrer can be considered by the court.—*Eads v. Murphy*, 52 Ala. 524; *Ib.* 107; *Sledge v. Swift*, 53 Ala. 110; Code, § 2690. That detinue can be maintained only against a defendant in possession, is abundantly supported by authority—*Graham v. Myers*, 74 Ala. 434; *Lightfoot v. Jordan*, 63 Ala. 224; *Henderson v. Felts*, 58 Ala. 590; *Miller v. Hampton*, 37 Ala. 342.

It was not controverted that plaintiff at one time owned the property. The evidence shows that plaintiff and his wife, who was a daughter of the defendant, M. L. Gerson, carried the property with them to defendant's house; that they boarded for a time with the defendants, using such of the property themselves in their own room as they saw proper for their own comfort, and a part of it was placed in different parts of the house for the use and convenience of themselves and the family generally, except the blankets, and crockery and cutlery. The crockery and cutlery seem to have been stored away in a china-closet, and neither these nor the blankets were ever in use by the defendants. The defendants' evidence was to the effect that they set up no claim to the property, nor exercised any control of it, nor held possession of it further than as shown by the following facts: that plaintiff and his wife carried the property with them to the house of defendant, and placed it in the house where and as they saw proper; that the wife of the plaintiff claimed it, and controlled it as her property, and that it was so recognized by the defendants. Such was the condition, disposition and possession of the property at the time the plaintiff left his wife at defendants' dwelling, and when the suit was begun for the recovery of the property. The plaintiff does not testify that defendant had possession, further than may be inferred from the statement "that he left the property at the house of M. L. Gerson, and that it was in use at the house of said M. L. Gerson, and that he left his wife there." We hold the law to be, that when a boarder carries property with him to a boarding-house, and it is recognized wholly to be the property of the boarder, and subject to his control only, and no claim of right or possession is set up to it by the proprietor of the dwelling, such a possession by him is not that possession which will sustain a suit against him in detinue. We are clear that, if the possession is sufficient for this purpose, the proprietor may show an outstanding title in the boarder's wife superior to the plaintiff's, if he can; and this relation of the parties is sufficient to authorize the defendant to connect his possession with the outstanding title.

[Jones v. Jones.]

The title of the wife in the present suit grows out of the legal construction of a written assigment made by the husband, the plaintiff, to the wife, on an insurance policy. It reads as follows: "The interest of M. Behr, as owner of the property covered by this policy, is hereby assigned to Bertha Behr, subject to the consent of the Commercial Union Assurance Company, limited, of London. Oct. 3d, 1888." (Signed) "*M. Behr.*" The consent of the company to the assignment was proven. It is contended by plaintiff that these words only assigned the interest of plaintiff in the policy itself, but that the title and ownership of the goods remained in him. We can not consent to such a construction. The words used by the assignor do not admit of such a meaning. The "interest of M. Behr, *as owner* of the *property*," is assigned. Such a construction as that contended for requires the imputation to the parties of an attempt to do an act against public policy; that is, that one may own the property itself, and another, without owning any insurable interest in the property, may own the policy of insurance. Looking at the words of assignment as they are, disconnected from all other proof, we hold that the ownership of the property passed by the written assignment. *Commercial Fire Ins. Co. v. Capital City Ins. Co.*, 81 Ala. 320; *Brown v. Com. Fire Ins. Co.*, 86 Ala. 189; *Helmetag v. Miller*, 76 Ala. 186.

The rulings of the trial court are in accordance with the principles above declared as applicable to this case.

Affirmed.