(75 South. 914)

WELLS v. PARKER.   (4 Div. 706.)

(Supreme Court of Alabama.   May 31, 1917.)

1. DETINUE ⬳24—VERDICT—VALUING ITEMS SEPARATELY.

Where there was no definite evidence that the cotton in two bales were of different classifications, the verdict was not faulty because the bales were not valued separately as required by statute when practicable.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 44.]

---

2. DETINUE ☞17—GENERAL ISSUE—EFFECT.

A plea of the general issue in detinue was an admission by defendant that he had possession of the property sued for, relieving plaintiff from the obligation to prove the same.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. §§ 26–33.]

3. DETINUE ☞18—EVIDENCE.

In detinue by plaintiff to recover bales of cotton bought by defendant from plaintiff's mortgagor, evidence that both plaintiff and the mortgagor made efforts to collect the checks given by defendant for such cotton, was admissible as tending to show that the attempted sale of the cotton had not been perfected.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. §§ 34–36.]

4. APPEAL AND ERROR ☞1048(1)—HARMLESS ERROR—OBJECTIONS TO TESTIMONY.

Where such part of the question as called for legal evidence had been previously testified to, sustaining an objection thereto, which specified no ground for exclusion, was not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140, 4144.]

5. ESTOPPEL ☞110—PLEADING—NECESSITY.

Defendant not having specifically pleaded an estoppel was not entitled to an affirmative charge on the theory that plaintiff was estopped.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by J. R. Parker against W. E. Wells. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

F. M. Gaines, of Dothan, for appellant. Hill & Thigpen, of Dothan, for appellee.

McCLELLAN, J. [1] Originally this action was detinue, brought by a mortgagee (appellee) against the defendant (appellant), to recover two bales of cotton bought by the defendant from the plaintiff's mortgagor. It originated in a justice's court. In the circuit court a count in trover appears to have been added to the complaint. The jury returned the following verdict: "We, the jury, find for the plaintiff for the property sued for. We assess the value of the property at $105.80," which was a sum equal to ten cents a pound for the aggregate weight of the two bales. The verdict and judgment are criticized because the bales were not separately valued, as the statute requires when that is practicable. While there is a slight intimation to the contrary, there is no definite evidence that the grade of the cotton in the two bales were of different classifications. When no such differences are shown by the evidence, the verdict assessing the value of several bales of cotton, property of the same general kind, in solido is not faulty. Townsend v. Brooks, 76 Ala. 308; Downs v. Bailey, 135 Ala. 329, 332, 33 South. 151. No finding of error can be predicated of the verdict and judgment on this account.

[2, 3] According to the provisions of the act approved February 28, 1911 (Gen. Acts 1911, p. 33), the plea of the general issue in a detinue suit operates as an admission by the defendant that he was in possession of the property sued for when the suit was commenced, thus exempting a plaintiff from his former obligation to establish the defendant's possession of the property at that time. Chappell v. Falkner, 11 Ala. App. 382, 66 South. 890. It appears from the bill of exceptions that Pearce, the mortgagor, sold the cotton to Wells, the defendant, and that Wells gave him two checks for the respective amounts of the agreed price of the cotton; these checks, drawn on the First National Bank of Headland, being signed by the Webb Mercantile Company, by Wells. The checks were not shown to have been paid. It was shown by phases of the evidence that Wells told Pearce that he (Wells) would have the money the next day and out of it would pay the checks, the place of the dealing being at Webb, Ala., and not at Headland, Ala.

[4] The defendant complains of several rulings on the admission or rejection of evidence, but those only of such rulings as seem to at all deserve mention will be noted in the opinion. Evidence of efforts on the part of both Pearce and the plaintiff to get the checks paid was admissible, as tending to show, among other things, that the attempted sale of the cotton had not been perfected. During the examination of the defendant, his counsel propounded this question to him: "The money has been right there in this bank, and if he will present those checks he can get the money?" The court sustained the plaintiff's objection to the question, no ground being suggested. Such part of this question as called for legal evidence had been, just previously, testified to by the plaintiff. There was no prejudicial error in sustaining the objection to the question quoted. There was no possible impropriety in permitting the introduction of the forthcoming bond, executed by this defendant.

[5] There is an argument in brief for the appellant insisting that the defendant was entitled to the general affirmative charge on the theory that the plaintiff was estopped to recover the cotton because he, being present, stood by and permitted the sale of the cotton to defendant to be effected, or he ratified the mortgagor's act in selling the cotton. A general statement of the doctrine to which the contention of appellant's counsel is referable is thus reproduced in Goetter v. Norman, 107 Ala. 585, 596, 19 South. 56, 58:

"'It is a general law that if a man, either by words or conduct, has intimated that he assents to an act which has been done, and that he will not offer opposition to it, although it could not have been lawfully done without his consent, and he thereby induces another to do that from which they otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have so given faith to his words, or

to the fair inference to be drawn from his conduct.' And again, 'If a party has an interest to prevent an act being done, and acquiesces in it, so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no more right to challenge the act to their prejudice, than he would have, had it been by his previous license.' "

This court has held that estoppels should be specially pleaded. Jones v. Peebles, 130 Ala. 269, 273, 30 South. 564; Blair v. Williams, 159 Ala. 655, 659-661, 49 South. 71; Mobile R. R. Co. v. Bay Shore Co., 158 Ala. 622, 625, 626, 48 South. 377. The record here discloses no plea invoking the estoppel now sought to be invoked.

No error appearing, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.