(98 South. 201)

### MOORE et al. v. WILLIAMSON.
### (8 Div. 554.)

(Supreme Court of Alabama. June 28, 1923. Rehearing Denied Dec. 13, 1923.)

1. Pleading ☞116—Plea in short by consent authorizes any special defense to cause of action.

A plea in short by consent of the general issue, with leave to give in evidence any matter or thing which would be good if specially pleaded, is an authorization to defendants to avail themselves of any special defense to the cause of action, in the same manner as if specially pleaded.

2. Alteration of instruments ☞2—Instrument held materially altered.

Material alteration of an absolute promise to pay on a given date a commission for sale of real estate was shown, where the date in the heading, and the due date had been changed, and the words "Daniel Bros." had been inserted in place of the prospective purchaser, and there was evidence tending to show that the witness appearing on the instrument was not present when it was signed, or that he was asked to be a witness.

3. Alteration of instruments ☞30 — Whether alteration made before or after signing held for jury.

Where the matter in dispute was whether alterations of an instrument were made before or after signing thereof, the question was for the jury.

4. Evidence ☞420(3)—Parol evidence to vary an unconditional promise to pay held properly excluded.

Where the writing which defendants executed contained an unconditional promise to pay a commission on a certain date for the sale of their farm, evidence that the obligee stated at the time the instrument was executed that defendants would owe him nothing if the deal fell through was properly excluded, as tending to vary the terms of a written instrument by parol.

5. Brokers ☞60—Defendants estopped to say that sale of land had fallen through, where mortgage still outstanding.

Where defendants accepted a mortgage in lieu of a cash payment in the sale of land, which they transferred for a valuable consideration before maturity, they could not defeat an action by an agent for commission for effecting the sale, because the deal had fallen through, where the mortgage still continued as an outstanding indebtedness against the purchasers.

Sayre, J., dissenting.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by A. J. Williamson against Nora A. Moore and J. Z. Moore. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The instrument upon which the suit is based is as follows:

"Gurley, Ala. August 16th, 1920.

"This agreement made and entered into this the 16th day of August 1920 by and between Nora A Moore and her husband, J. Z. Moore of Madison County Ala., parties of the first part and A. J. Williamson of Madison County party of the second part, witnesseth:

"The said parties of the first part agrees second to pay to the party of the ~~first~~ part $900.00 on January 15th 1920 for commission on the Daniel Bros. sale of the first parties farm to ~~J. Z. Moore.~~

"[Signed] Nora A. Moore,
"[Signed] J. Z. Moore,
"Parties of the First Part.
"[Signed] A. J. Williamson,
"Party of the Second Part.

"Witnesses:
"[Signed] C. O. Reed."

Spragins & Speake, of Huntsville, for appellants.

When alteration of an instrument is once made to appear, the party producing the instrument has the burden of showing such alteration was made under circumstances rendering it lawful. 2 C. J. 1268; Glover v. Gentry, 104 Ala. 222, 16 South. 38. The rule forbidding parol evidence to vary or contradict a written instrument does not apply to a parol agreement by the parties subsequent to the execution of the instrument. 22 C. J. 1274.

Cooper & Cooper, of Huntsville, for appellee.

The change in the date line of the instrument was clerical merely. 2 C. J. 1204, 1229; Nance v. Gray, 143 Ala. 239, 38 South. 916, 5 Ann. Cas. 55; Winter-Loeb v. Pool, 100 Ala. 505, 14 South. 411. A contract which has been executed cannot be rescinded by mutual consent by mere verbal waiver, unsupported by any consideration. Westmoreland v. Porter, 75 Ala. 460; Maness v. Henry, 96 Ala. 454, 11 South. 410; Crow v. Burtwell, 13 Ala. App. 468, 69 South. 382. If the purchaser is accepted by the principal, this dispenses with the necessity of showing he is ready, able and willing to buy. Handley v. Shaffer, 177 Ala. 636, 59 South. 286; Finney v. Newson, 203 Ala. 191, 82 South. 441; De Briere v. Yeend, 204 Ala. 647, 86 South. 528.

GARDNER, J. [1] Appellee sued appellants, upon an agreement in writing which contained an unconditional promise to pay on a given date the sum of $900 for commissions on the sale of certain real estate. The de-

fendants pleaded in short by consent the general issue, "with leave to give in evidence any matter or thing which would be good if specially pleaded." Such a plea was an authorization to the defendants to avail themselves of any special defense to the cause of action to the same extent as if specially pleaded. Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897.

The defendants insisted, and offered evidence tending to show, there had been material alterations in the instrument upon which this suit is based subsequent to the execution thereof.

[2] In view of this contention on the part of the defendants that the instrument sued on was altered after being signed, the trial judge ordered the original instrument introduced in evidence to be transmitted to this court with the transcript for our inspection. This instrument is set out in the report of the case, showing the alterations which appear upon its face.

J. Z. Moore, one of the defendants, testified that this paper was all "in typewriting and there wasn't any writing on the paper at all" at the time it was signed by the defendants. To further use the language of the witness, "I don't read very well, but I do know it was all in typewriting, and there wasn't a bit of pencil or pen writing on it."

The instrument purports to have been witnessed by one Reed, but there is evidence tending to show that he was not present when the instrument was signed, nor was he asked to witness the same. The instrument shows in the heading the year "1920" was changed to "1921," the words "Daniel Bros." inserted, and the due date of the paper likewise appears to have been changed from "January 15, 1920," to "January 15, 1921;" the figure "1" appearing to have been written over the figure "0" in the year 1920, as is made more clearly to appear in the reproduction of the instrument in the report of the case. Material alteration was shown. Lesser v. Scholze, 93 Ala. 338, 9 South. 273; White Sewing Mach. Co. v. Saxon, 121 Ala. 399, 25 South. 784; Winter-Loeb v. Pool, 100 Ala. 503, 14 South. 411.

[3] As to whether or not these alterations were made before or after signing was a matter in dispute; but upon this the defendants were entitled to have the issue of fact submitted for the jury's determination. The court therefore committed reversible error in giving the affirmative charge at the plaintiff's request.

[4] The execution of the instrument here sued upon evidently grew out of certain work done by plaintiff in procuring a sale of defendants' property to certain purchasers designated as Daniel Bros. The original contract of sale between defendants and Daniel Bros. being offered in evidence, the defendants offered to show that, at the time the instrument upon which this suit is based was executed, plaintiff had stated that, if the trade to Daniel Bros. "fell through," the defendants would owe him nothing; but the writing which they had executed contained an unconditional promise to pay on a certain date, and the court below properly excluded this evidence upon the principle that testimony of oral stipulations tending to contradict or vary written contracts are inadmissible. Miller Bros. v. Direct Lumber Co., 207 Ala. 338, 92 South. 473; Greil v. Lomax, 86 Ala. 132, 5 South. 325; Taber v. Peters, 74 Ala. 90, 49 Am. Rep. 804; Bissell Motor Co. v. Johnson, ante, p. 38, 97 South. 49.

[5] The defendants further offered proof tending to show that, subsequent to the execution of this instrument, the plaintiff had agreed that if the trade with Daniel Bros. "fell through" they would owe them nothing. It appears, however, that Daniel Bros. had executed to defendants a mortgage for $3,000 on land belonging to them and in no manner involved in the sale, and that this mortgage had been transferred by defendants for a valuable consideration and before maturity, and that the execution of this mortgage was given in lieu of the payment of the $3,000 cash on the contract of sale or the renewal thereof. The trial court, as we gather from the record, entertained the view that the trade for the land in material part had not in fact fallen through, and that defendants could not now be heard to so state, so long as the mortgage continued an outstanding indebtedness against Daniel Bros. We are in accord with this view.

The proof upon this theory of the defense consisted of evidence to the effect that subsequent to the execution of this instrument the plaintiff had merely stated in substance that, if the trade with Daniel Bros. finally failed, the defendants would owe him nothing; and it is insisted by counsel for plaintiff that in any event such a statement was "a mere verbal waiver," unsupported by any consideration whatever, and was therefore without binding effect. Westmoreland v. Porter, 75 Ala. 460; Maness v. Henry, 96 Ala. 454, 11 South. 410; Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; Montgomery County v. New Farley Nat. Bk., 200 Ala. 170, 75 South. 918; New Farley Nat. Bk. v. Montgomery County, 203 Ala. 654, 84 South. 815. However, as our accord with the view of the trial court, as above indicated, suffices for a disposition of this question, it is unnecessary to enter into a consideration of this further insistence of plaintiff's counsel.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ. concur.

SAYRE, J., dissents.