**STRENGTH v. THORNTON.** (5 Div. 449.)

(Court of Appeals of Alabama. Nov. 27, 1923.)

**1. Husband and wife ⬤205(4)—Wife or representative may maintain action in detinue against husband.**

An action of detinue may be maintained by a wife against her husband, and the administrator of a deceased wife's estate may maintain a suit in detinue against her husband for the recovery of personal property which has not come into administrator's hands.

**2. Detinue ⬤6—Wrongful detention gist of action.**

The gist of the action of detinue is the wrongful detention of the property.

**3. Detinue ⬤18—Evidence held to show defendant's possession subordinate to plaintiff's.**

In an action of detinue, evidence *held* to clearly show that defendant's possession was in subordination to plaintiff's intestate, where it was not controverted that plaintiff's intestate owned the property, and defendant disclaimed possession.

**4. Detinue ⬤6—Husband not liable in detinue when claiming no right or possession to deceased wife's property.**

A husband permitting his wife's personal property to remain in his house after her death, claiming no right or possession thereto, is not liable in detinue at the suit of the administrator of deceased wife's estate.

**5. Witnesses ⬤140(2)—Witness not pecuniarily interested may testify to conversation between defendant and plaintiff's intestate.**

In an action of detinue by administrator of deceased wife's estate against husband, defendant's daughter-in-law was competent to testify to a conversation between the husband and wife relative to ownership of certain property in suit, witness having no pecuniary interest in the result of the suit.

**6. Appeal and error ⬤1052(5)—Improper admission of evidence cured by verdict.**

Error, if any, in admitting testimony as to value of property in action of detinue was rendered harmless by a verdict for defendant; evidence of value being material only in event of recovery by plaintiff.

**7. Detinue ⬤6 — Charge properly refused when not predicated on evidence.**

In an action in detinue, it was not error to refuse a charge directing a verdict for plaintiff for all the property involved, when defendant's possession was not such as to support an action of detinue against him.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action in detinue by J. H. Strength, as administrator of the estate of Sarah Pike Thornton, deceased, against J. H. Thornton. From a judgment for defendant, plaintiff appeals. Affirmed.

F. Loyd Tate, of Wetumpka, for appellant.

The administrator of the deceased wife may maintain detinue against the husband. Bruce v. Bruce, 95 Ala. 563, 11 South. 197. It was error to admit evidence by Mrs. Beulah Thornton as to what she heard the deceased say with reference to the property in question. Wood v. Brewer, 73 Ala. 259; Englehart v. Richter, 136 Ala. 562, 33 South. 939. Testimony as to value is inadmissible

without a predicate of knowledge. Millsapp v. Woolf, 1 Ala. App. 599, 56 South. 25; Ala. Power Co. v. Armour & Co., 207 Ala. 15, 92 South. 111.

Holley & Milner, of Wetumpka, for appellee.

Appellee's custody being rightful, there being no unlawful detention and no demand, detinue does not lie against him. Behr v. Gerson, 95 Ala. 438, 11 South. 115; 6 Words and Phrases, 5467.

FOSTER, J. There is no merit in the motion to dismiss the appeal.

This was an action in detinue by J. H. Strength, as administrator of the estate of Sarah Pike Thornton, deceased, to recover of the defendant certain personal property which it was claimed belonged to the estate of his deceased wife. The defendant pleaded the general issue as to part of the property, and as to the remainder, consisting of certain furniture, wearing apparel, and personal effects, he disclaimed possession. There was verdict for the defendant. There was evidence that the property claimed by the defendant belonged to him. There was evidence that there were at the home of the defendant, where he and his wife resided at the time of her death, certain furniture, wearing apparel, and personal effects belonging to her, and that after her death these articles remained there. The defendant asserted no claim to or interest in this property. After grant of letters of administration, and without any demand being made by the administrator upon the defendant for the possession of the property, and without knowledge by the defendant that the administrator desired to take possession of said property, this suit was commenced. When the sheriff went to the home of the defendant to execute the writ, the defendant pointed out the property of his deceased wife and stated to the sheriff that he had no objection to the sheriff taking said property, the possession of which defendant disclaimed in this suit.

[1] An action of detinue may be maintained by the wife against her husband. Bruce v. Bruce, 95 Ala. 563, 11 South. 197. The administrator of the estate of the deceased wife may maintain a suit in detinue against her husband for the recovery of personal property which has not come into the hands of the administrator.

[2] The gist of the action of detinue is the wrongful detention of the property. Gosset et al. v. Morrow, 187 Ala. 387, 65 South. 826.

[3] In the instant case it was clearly shown by the evidence that such possession as the defendant held was in subordination to the plaintiff's intestate. It was not controverted that the defendant's wife owned the property, the possession of which was disclaimed by the defendant.

[4] A husband into whose house his wife carries her personal property, which is recognized by the husband to be wholly the property of the wife and subject only to her control, the property being merely permitted to remain in the house after the death of the wife, no claim of right or possession being made thereto by the husband, is not liable in detinue at the suit of the administrator of the deceased wife's estate. When property belonging to a third person is on the premises of one who asserts no claim or interest therein, he is not liable in detinue to the owner. Behr v. Gerson, 95 Ala. 438, 11 South. 115.

[5] Mrs. Beulah Thornton, daughter-in-law of defendant, was competent to testify to a conversation between Mrs. Thornton (the deceased) and the deceased's husband (the defendant) with reference to the ownership of a certain Maxwell automobile involved in this suit. The witness had no pecuniary interest in the result of the suit.

[6] Error, if any, in admitting the testimony of J. A. Thornton as to the value of the property, was rendered harmless by the verdict of the jury for the defendant. The evidence of value was material only in the event of recovery by the plaintiff.

There is no merit in the other exceptions reserved to the evidence, and they are not insisted upon in the appellant's brief.

[7] The court did not err in refusing charge 2 requested by the plaintiff, which reads as follows:

"It is your duty to return a verdict for the plaintiff for all the property involved in this suit, which the decedent, Mrs. Thornton, owned at the time of her death."

The charge was not predicated on the evidence, and was faulty. Edward's Case, 205 Ala. 160, 87 South. 179. Furthermore its refusal was proper, as the possession of the defendant was not such as to support an action of detinue against him by the administrator of his deceased wife's estate.

The court did not err in refusing a motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.