**EDWARDS v. CRITTENDEN.** (6 Div. 366.)

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied May 14, 1925.)

**I. Sales** ☞479(7)—**Plaintiff held to have made prima facie case.**

Where plaintiff in detinue for an automobile, claimed title as remote assignee of seller, who had right to retain title until purchase money was paid in full, evidence that there was a balance due on purchase price, together with a possession acknowledged by plea, made prima facie case for plaintiff, under Code 1923, § 7404.

**2. Sales** ☞472(3)—**Delivery of automobile held sufficient consideration for purchaser's promise to adopt conditional sales contract to which automobile was subject.**

Where defendant agreed to take an automobile in part payment of his house, and promised to adopt a conditional sales contract, under which automobile was subject to part purchase price, a delivery of such automobile was a sufficient consideration for promise, whether delivery was made antecedently, contemporaneously, or subsequently, and in absence of fraud or coercion agreement was conclusive between parties.

**3. Evidence** ☞441(8)—**Executory agreement for sale of automobile held merged in subsequent adoption agreement whereby purchaser assumed obligation of paying remainder of purchase price.**

Where defendant entered into executory contract for sale of his house, agreeing to take an automobile in part exchange, and thereafter by an agreement indorsed on conditional sales contract, under which automobile was subject to unpaid balance on purchase price, defendant adopted such contract and agreed that it was to be binding on him, *held*, that executory agreement was thereby merged in the subsequent indorsement agreement, and in detinue against defendant for such automobile executory agreement was properly excluded.

**4. Evidence** ☞429—**Questions attempting to emphasize admitted fact that defendant entered into improvident contract held properly excluded.**

Where apparent purpose and effect of questions were to lay emphasis on admitted fact that defendant had made deed of his house and lot in part payment for automobile, intimating that, because contract was improvident as to defendant, it should not be enforced by jury, such questions were properly excluded.

**5. Evidence** ☞434(8)—**That contract is in writing does not exclude parol testimony of fraud in its procurement.**

Fact that a contract under which a party claims is in writing does not, in general, preclude admission of parol evidence of fraud or misrepresentation in its procurement or execution.

**6. Evidence** ☞434(8)—**Question held insufficient to invoke rule as to admissibility of parol evidence, where writing procured by fraud or misrepresentation.**

Where defendant acknowledged that he had signed paper in evidence, and did not deny that he had read it and was fully informed as to its contents, question whether he was told that paper was a bill of sale was properly excluded, as it was insufficient to invoke rule as to admissibility of parol evidence, where writing procured by fraud or misrepresentation.

**7. Estoppel** ☞92(3)—**Defendant held not entitled to show fraud in procuring of contract while at same time retaining benefits of it.**

Where defendant in detinue for an automobile had accepted possession of automobile and retained it, and at same time had entered into indorsement agreement whereby he assumed liability for unpaid purchase price thereon, *held*, that defendant could not offer evidence to show fraud in procuring such agreement, and thus attempt to rescind contract while retaining benefits of same.

**8. Detinue** ☞18—**Defendant's testimony offered to show outstanding title held properly excluded, where respective title of plaintiff and defendant involved.**

In detinue for an automobile, questions by defendant as to whether one from whom he purchased automobile did not own it, and as to whether plaintiff did not lend seller money to purchase legal title, if offered to show an outstanding title, was properly excluded, since in action of detinue defendant cannot set up an outstanding title in third person without connecting himself with it, and, in any event, evidence tended merely to establish title of defendant's assignor, whereas case involved merely respective titles of plaintiff and defendant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; C. E. Wilder, Special Judge.

Action in detinue by J. J. Crittenden against Jesse Edwards. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The following is the agreement between defendant and Cooper.

"Birmingham, Ala., October 24, 1923.

"This agreement this day made is that Jesse Edwards has this day sold through Messer-Johnson Realty Company, Inc., as his agent to L. B. Cooper as purchaser and L. B. Cooper has bought from Jesse Edwards through Messer-Johnson Realty Company, Inc., as agent for the seller house and lot 526 North Twenty-Seventh street, lots 7 and 8 in Gibson's survey to Woodlawn. Possession of property to be delivered by owner upon transfer of title, situated in Woodlawn, Birmingham, Jefferson county, Alabama, for the price and sum of $3,750.00 the following terms $350 second mortgage note cash; the balance shall be paid trading one Haynes 5 passenger automobile for a balance of equity in said house mentioned above which is $1,750 and seller is to assume $800 first mortgage on Haynes automobile. Said deferred payments shall bear 8 per cent. interest and be secured by a second mortgage on said property so bought and sold, of which cash payment the purchaser has paid, as earnest money $—— the receipt of which is hereby acknowledged by the seller.

"The taxes for the current fiscal year shall be paid by seller for 1923. The insurance companies consenting, the insurance shall be transferred to the purchaser upon payment to the seller of the uncarned premiums. A good merchantable title shall be conveyed by deed containing the usual covenants of warranty except —— abstract delivered ——. Abstract of title shall be furnished by seller to purchaser with extensions to date as an aid to examination of title. Purchaser is to pay regular commission to Messer-Johnson Realty Company in addition to $3,750. I, J. E. Hartfield agree to buy above $350 second mortgage paper from Jesse Edwards at face value.

"Jesse Edwards.
"L. B. Cooper."

"This contract is subject to L. B. Cooper selling his second mortgage papers, and is void unless closed up within 5 days."

Charles W. Greer, of Birmingham, for appellant.

The agreement offered was relevant and competent, and should have been admitted in evidence. 18 C. J. 1015; Wells v. Parker, 200 Ala. 166, 75 So. 914; Windham v. Hydrick, 197 Ala. 125, 72 So. 403; Shaw v. Cleveland, 5 Ala. App. 333, 59 So. 534. When plaintiff's right of recovery is based on his title, it may be disproved by showing title in another. Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Miller v. Jones' Adm'r, 26 Ala. 247; 18 C. J. 1003. The lease-sale contract was not a modification of the prior agreement. Mulcahy v. Dieudonne, 103 Minn. 352, 115 N. W. 636; Shriner v. Craft, 166 Ala. 146, 51

So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; Sou. States Co. v. Long, 15 Ala. App. 287, 73 So. 148. If all that remains to be done is the delivery of the property bargained for, title passes to the purchaser immediately. McFadden v. Henderson, 128 Ala. 221, 29 So. 640; Sidwell v. Lobly, 27 Ill. 438. Contracts are construed most strongly against the parties drawing them. Denson v. Caddell, 201 Ala. 194, 77 So. 720; Hamilton v. Stone, 202 Ala. 468, 80 So. 852; Birmingham Motor Co. v. Norwood Tr. Co., 16 Ala. App. 572, 80 So. 146.

T. J. Judge, Edgar Allen, and K. E. Cooper, all of Birmingham, for appellee.

In the absence of fraud, parol evidence is not admissible to vary a written contract. 22 C. J. 1098; Jones Cot. Co. v. Snead, 169 Ala. 566, 53 So. 988; 6 Michie's Ala. Dig. 351. The plaintiff being entitled to the affirmative charge, other rulings, if error, were without injury. Bienville Water Supp. Co. v. Mobile, 125 Ala. 178, 27 So. 781; Donahoo H. & M. Co. v. Durick, 193 Ala. 456, 69 So. 545. There is a material distinction between a sale and a mere executory contract for a sale. 23 R. C. L. 170; 35 Cyc. 274; Rolfe v. Huntsville L. Co., 8 Ala. App. 487, 62 So. 537.

SAYRE, J. Statutory detinue for one Haynes automobile. Defense was made under the general issue. Judgment for plaintiff. Defendant appeals.

[1] Plaintiff claimed title as remote assignee of a contract by which the Ewart-Brewer Motor Company sold the car in question to E. H. Posey, retaining title until the purchase money should be paid in full. The evidence showed a balance due of something over $800. This, with the possession acknowledged by the plea, made a prima facie case for plaintiff. Code 1923, § 7404. Defendant had bought the car from L. B. Cooper, who, October 27, 1923, had taken an assignment of the Ewart-Brewer contract, and to whom Posey had, on what consideration does not appear—but that is immaterial—surrendered the automobile. Two days later, October 29th, in pursuance of a contract entered into on October 24th, defendant accepted the automobile from Cooper and, by an agreement indorsed on the Ewart-Brewer contract, acknowledged the unpaid balance due on the purchase price to be $800, with interest, and agreed "that said [Ewart-Brewer] contract shall henceforth be a subsisting and binding one between the undersigned and L. B. Cooper as to all its terms just as though we were the original parties thereto." The effect of this transaction was to establish a contract between Cooper as vendor and Edwards as vendee on the terms of the Ewart-Brewer-Posey contract.

Defendant's main reliance on this appeal is that the trial court refused to admit in evidence an executory agreement in writing,

of date October 24th, between himself and Cooper, by the terms of which defendant was within 5 days to convey a certain house and lot to Cooper in consideration of the sale to him by Cooper of the automobile in suit, defendant "to assume $800 first mortgage on Haynes automobile." The report of the case sets out the agreement. This agreement was executed on the part of defendant by his indorsement of October 29th on the Ewart-Brewer contract, to which we have referred. It is also to be inferred from the evidence that at some time he executed a deed to the house and lot as agreed.

Defendant's purpose, as appears from his brief, in offering the agreement of October 24th in evidence was to show thereby that title to the automobile had vested in him, and therefore there was no consideration moving to him for his subsequent indorsement on the Ewart-Brewer contract, and, as we gather from the brief, to show that the indorsement contract of October 29th, even if so intended, cannot be accepted as an execution of the agreement of October 24th, for the reason that the last-mentioned agreement provides for the assumption of a "first mortgage" on the automobile, whereas the indorsement contract evidenced the assumption of the burden of a so-called lease sale contract—conditional sale it is, with superadded terms. Barton v. W. O. Broyles Stove Co. (Ala. Sup.) 103 So. 854.[1] By both such contracts, viz. mortgage and conditional sale, the legal title is either retained or revested as a security for the purchase price. By the agreement, accepted by defendant as binding upon him, it was intended to bind him, upon his failure to pay any installment, to forfeit his purchase and all payments made, and, besides, to "mature the entire indebtedness and render all installments due and payable," which, it must be conceded, is somewhat more than the usual first mortgage. None the less, the agreement of October 24th was an executory agreement, as its terms clearly disclose, and the indorsement agreement adopting the contract of conditional sale—and dealing with the same subject-matter, necessarily—was, there appears not the slightest reason to doubt, the result of an intent to execute it. It follows that the agreement of October 24th was merged in the indorsement agreement of October 29th adopting the Ewart-Brewer contract, mutatis mutandis of course, as the contract between Cooper and defendant—this, notwithstanding the difference between the two—and the adopted contract became, so far at least as it concerned the rights and interests of the parties in the automobile in issue in this case, the exclusive memorial of the contract between the parties.

[2, 3] It is to be conceded that defendant, upon the performance of the obligations in-

curred by the agreement of October 24th, would have acquired a right to the automobile, but in pursuance of a previous undertaking he had entered into the indorsement agreement to assure Cooper of his rights. For the promise so evidenced the delivery of the automobile was a sufficient consideration, whether such delivery was made antecedently, contemporaneously, or subsequently, and, in the absence of fraud or coercion, that agreement became the conclusive memorial of the contract between the parties. The intention of the parties, as expressed on the face of the paper writings, together with the undisputed facts aliunde, made the question of merger a question for the decision of the court. The conclusion as to this reached in the trial court was in our opinion clearly correct. The agreement of October 24th was excluded without error for the reason that, having been merged in the later agreement of the parties, it was immaterial to any issue presented in the cause.

[4] The court also properly denied all the numerous efforts of defendant by parol evidence to vary the terms of the adopted contract. In particular, it may be worth while to state there was no error in the exclusion of questions the apparent purpose and effect of which were to lay emphasis on an admitted fact, viz. that defendant had made a deed of his house and lot in part payment for the automobile, as if that were any sufficient reason in law why the contract, hard as it was, and, on the part of defendant, improvident to a degree, but still within the limits of the law, should not be enforced by the jury.

[5, 6] The fact that a contract under which a party claims is in writing does not in general preclude the admission of parol evidence of fraud or misrepresentation in its procurement or execution. Brenard Mfg. Co. v. Jacobs, 202 Ala. 7, 79 So. 305; Leonard v. Roebuck, 152 Ala. 315, 44 So. 390; Moline Jewelry Co. v. Crew, 171 Ala. 417, 55 So. 144; Nelson v. Wood, 62 Ala. 175. But the question asked by defendant, viz. "Did they [which may have referred to several persons present at the time] tell you this was a bill of sale?" hardly sufficed to invoke this rule. In a rude sort of way the paper referred to might have been called a bill of sale, but, apart from that, it is to be noted that, while defendant acknowledged that he had signed the paper in evidence, he did not deny, nor did counsel ask any question calculated to evoke a denial, that he had read the paper and was fully informed as to its contents. As for the other questions excluded, for example, "I will ask you [Cooper] this question: Is it not a fact that when you signed this contract—isn't it a fact that you didn't own the car?" and, "I will ask you, Mr. Cooper, if it isn't a fact that Mr. Crittenden [plaintiff], subsequent to the date you sold

---

[1] 212 Ala. 658.

this automobile to Mr. Edwards [defendant]—if he didn't lend you the money to go down and purchase the legal title to this car from the Realty Mortgage Company in Birmingham?" the answers expected, whether designed to prove fraud or an outstanding title, could have availed defendant nothing.

[7, 8] If fraud was the idea, the defense so attempted was precluded by the fact that defendant had accepted possession from plaintiff's assignor and retained it. He could not be heard to offer evidence to rescind the contract while retaining the benefit of the same. Jones v. Anderson, 82 Ala. 302, 2 So. 911; Jesse French Co. v. Bradley, 138 Ala. 177, 35 So. 44. If the idea was to show an outstanding title, the ruling is to be justified on two grounds: (1) In an action of detinue, the defendant cannot set up an, outstanding title in a third person without connecting himself with it (5 Mich. Dig. p. 71); and (2) the evidence proposed did not tend to establish an outstanding title; it tended merely to establish the title of defendant's assignor. The contest related exclusively to the respective merits of the right and titles claimed by plaintiff and defendant, and the evidence disclosed without conflict that defendant claimed under plaintiff's assignor. The only question at issue was whether defendant had forfeited the title so shown by a failure to comply with its conditions.

In view of the fact that the general affirmative charge was properly given for plaintiff, there is no occasion to discuss the special instructions refused to defendant.

We have found it impossible within permissible limits to discuss every turn given to the contentions advanced by defendant, appellant, in voluminous briefs; but all have been considered, and our statement has been framed with a purpose to dispose of contentions between the parties which seemed to merit discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

