(110 So. 907)

## INDUSTRIAL FINANCE CORPORATION v. HOLCOMB MOTOR CO. et al.
(6 Div. 418.)

(Supreme Court of Alabama.   Nov. 4, 1926. Rehearing Denied Jan. 20, 1927.)

Detinue ⬉17—Defendant's plea of general issue in detinue action admits possession, precluding necessity of plaintiff's showing demand on which right of possession depended (Code 1923, § 7404).

Although plaintiff in detinue action has burden of proving demand on which its right of possession depended, defendant's plea of general issue conclusively admitted possession at time of suit in view of Code 1923, § 7404, and such possession imports prima facie a continued ownership.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action in detinue by the Industrial Finance Corporation against the Holcomb Motor Company and others. Plaintiff took a nonsuit, and appeals from adverse rulings on the admission of evidence. Reversed and remanded.

Rudulph & Smith and Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, for appellant.

The general issue, when pleaded in a detinue suit, is an admission of possession of the property sued for at the time of commencement of the suit. Acts 1911, p. 33; Code 1923, § 7404; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795. For further brief, see Ind. Fin. Corp. v. Turner, ante, p. 460, 110 So. 904.

Murphy & Hanna and McClellan, Rice & Stone, all of Birmingham, for appellees.

Demand prior to institution of suit was a condition precedent. Keyser v. Maas, 111 Ala. 394, 21 So. 346; Brock v. Headen, 13 Ala. 376; Worthington v. Rhodes, 145 Ala. 656, 39 So. 614; Bank v. Freeman, 200 Ala. 13, 75 So. 325. See, also, Ind. Fin. Corp. v. Turner, ante, p. 460, 110 So. 904.

SOMERVILLE, J.   This is a companion case to Industrial Finance Corporation v. J. B. Turner, Claimant, ante, p. 460, 110 So. 904, the only difference being that this is the original detinue suit between the plaintiff and the original parties defendant, while that was the same suit prosecuted by the plaintiff against Turner, as an independent claimant, intervening under section 7403 of the Code.

The evidence and proceedings in the two cases, as shown by the bills of exceptions, were identical, and the decisive question in each case was presented by the plaintiff's offer in evidence of the acceptances and trust receipts given by Holcomb Motor Company to the plaintiff, the Industrial Finance Corporation, and the exclusion of those documents by the trial court, on the defendants' objection, on the ground that they did not tend to show legal title in the plaintiff. In the instant case plaintiff elected to take a nonsuit with bill of exceptions, on account of the adverse ruling stated.

In the Turner Case, supra, we held, upon thorough consideration, that the documents in question were admissible to show legal title in the plaintiff, and that their exclusion was prejudicial error. The same conclusion must follow here.

It is true, as urged by counsel for appellees, that plaintiff's right of possession depended upon the making of a demand for the possession of each car before it had been sold by Holcomb Motor Company, and that the burden of proof as to the timeliness of such demand was upon the plaintiff. But defendants' plea of the general issue conclusively admitted their possession of the cars at the time suit was begun (Code, § 7404), and such possession imports, prima facie, their continued ownership (Scaife v. Stovall, 67 Ala. 237, 241; Donahoo, etc., v. Durick, 193 Ala. 456, 465, 69 So. 545; 22 Corp. Jur. 126, § 65). Hence, with the acceptances and trust receipts in evidence, plaintiff would have made out a prima facie case, and the burden of proof would have rested on defendants to show a sale and change of ownership.

The judgment will be reversed and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes