(122 So. 320)

**DEHOLL et al. v. PIM.** (6 Div. 314.)

Supreme Court of Alabama.   April 18, 1929.

As Modified on Denial of Rehearing May 23, 1929.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

Lange, Simpson & Brantley, of Birmingham, for appellee.

GARDNER, J. The complaint as originally filed on September 7, 1923, contained three counts. The third count was in detinue for recovery of certain advertisement drawings on illustration boards. To this complaint, defendants in writing, on September 15, 1923, filed the plea of the general issue. During the progress of the trial of the cause (February 22, 1928), plaintiff withdrew counts 1 and 2, and rested for recovery upon the detinue count, and defendants filed on that day the plea of general issue "in short by consent." The plea of the general issue filed September 15, 1923, remained on file throughout the trial of the case. There was verdict and judgment for the plaintiff for the property sued for, or its alternate value, and defendants appeal.

The assignments of error (save one to be presently noted) rest upon the theory that defendants did not have possession of the property at the commencement of the suit.

The view here entertained requires no extended consideration of the defense, upon the theory above noted. The trial court was of the opinion that under section 7404, Code of 1923, the plea of the general issue on file in the cause since September 15, 1923, was an admission of possession by defendants of the property sued for at the time of the commencement of the suit. Such is the express language of the statute, and the effect given thereto in the following cases: Edwards v. Crittenden, 213 Ala. 156, 104 So. 277; Wells v. Parker, 200 Ala. 166, 75 So. 914; Kirkland v. Eford, 205 Ala. 72, 87 So. 364; and Industrial Finance Corporation v. Holcomb Motor Co., 215 Ala. 473, 110 So. 907. In this latter authority it is stated that such admission is conclusive, the court saying: "But defendants' plea of the general issue conclusively admitted their possession of the cars at the time suit was begun. Code, section 7404." We are of the opinion this construction of the statute is correct. So long as the plea of the general issue in such actions is on file, by the very terms of the statute it speaks of an admission of possession by defendant of the property sued for at the commencement of the suit.

Appellant cites Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750, as authority that under our system of pleading inconsistent and contradictory pleas may be interposed, and that under the plea filed of the "general issue in short by consent," pleas denying possession should be considered as filed. Moore v. Williamson, 210 Ala. 427, 98 So. 201. Such plea, in short, by consent contemplates matter that could be well pleaded. Moore v. Williamson, supra. But none of the cases deal with the question of the effect of the statute which expressly recites such a plea is an admission of possession.

In the Industrial Finance Corporation Case, supra, we held the plea a conclusive admission. To hold the contrary would permit a solemn admission of a fact and a denial thereof at one and the same time, which would render the statute ineffective. We are persuaded the holding in Industrial Finance Corporation, supra, is correct, and we adhere thereto.

It appears that after the discharge of the witnesses, the argument of counsel to the jury, and oral charge of the court, defendants moved the court to be permitted to withdraw the plea of the general issue, which had been on file since September 15, 1923. Counsel for plaintiff objected, and insisted the cause had been tried upon that issue, and if the issues are to be changed the introduction of additional evidence may become necessary. The court denied the motion. This was a matter resting largely in the discretion of the trial court, and no abuse of such discretion is made to appear. The underlying reasoning of the case of Life & Casualty Co. v. Street, 213 Ala. 588, 105 So. 672, fully supports this conclusion. The plea of the general issue was filed on behalf of each defendant, and the conclusive admission of possession is therefore binding on both.

Nor do we entertain the view plaintiff's failure to object to testimony tending to show defendants were not in possession of the property, and argument to like effect, is sufficient to show the cause was tried upon a different issue than that indicated. Indeed, the trial court, in the oral charge, expressly called attention to the fact that the plea of general issue, under the law, admits possession of the property by defendant at the time of the commencement of the suit. Plaintiff had a right to rely upon the plea of the general issue on file with its binding statutory effect.

The gist of a detinue action is wrongful detention of the property (Gossett v. Morrow, 187 Ala. 387, 65 So. 826), and clearly the general rule is as stated in 18 Corpus Juris, 99, that "any one who wrongfully detains the personal property of another may be sued in detinue." The defendant in the instant case is held to have conclusively admitted possession at the commencement of the suit. The property was that of the plaintiff and that demand therefor was made upon defendant is without dispute. We think it clear therefore a case of wrongful detention is thus established. 18 Corpus Juris, 998.

The cases of Behr v. Gerson, 95 Ala. 438, 11 So. 115, and Strength v. Thornton, 19 Ala. App. 475, 98 So. 206, cited by appellant, hold nothing to the contrary, as in each case it was held that defendant had no such possession of the property as would sustain the action.

It results there is no reversible error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.