73 So.2d 562

### BURROW v. LEIGEBER.

6 Div. 475.

Supreme Court of Alabama.

Nov. 19, 1953.

Rehearing Denied June 30, 1954.

232

H. A. Entrekin, Cullman, for appellant.

Bland & Bland, Cullman, for appellee.

CLAYTON, Justice.

This is an appeal by defendant below from a judgment in detinue, awarding to the plaintiff certain personal property and fixing the amount of the unpaid balance on a mortgage debt, after suggestion that the suit was filed by a mortgagee against a mortgagor.

Apparently plaintiff had been lending money to the defendant and selling to him livestock and automotive equipment for several years, as a number of mortgages and matters of account were introduced into the evidence. The chief cause of disagreement between the parties was a bay horse mule, nine or ten years old, weight 1150 pounds, which was sold to the defendant by the plaintiff in 1937.

Detinue suit was filed by the plaintiff on May 18, 1942, the writ was executed, and replevin bond was given by the defendant the following day. The defendant filed a demurrer to the complaint on June 15, 1942, and the case was continued from time to time. Upon suggestion of the death, on February 7, 1950, of J. Z. Burrow, the defendant, the cause was revived against G. W. Burrow as his administrator.

On March 4, 1952, the defendant pleaded the general issue, with leave by agreement. During the progress of the trial, the court permitted the defendant to withdraw his plea of general issue as to the horse mule described in the complaint, and to file a disclaimer as to it; plaintiff filed motion to strike the disclaimer which was overruled by the court. On the following day, while the cause was still in progress, the court reconsidered its action of the previous day and struck the disclaimer, "under authority of Title 7, Section 935, of the Code of Alabama." The plaintiff further amended his complaint and the defendant refiled his plea of the general issue, "with leave, etc.", and the trial of the case continued to final judgment.

Appellant's assignments of error are predicated upon two propositions concerning

the bay horse mule, described above: First, he insists that the trial court erred in striking his disclaimer as to the mule, basing his argument upon the proposition that the general issue, with leave, etc., permits him to avail himself of any defense which he may produce evidence to sustain. The other proposition asserts that the mule in question was dead before the suit was begun, on which account detinue would not lie, and that the court erred in refusing to allow him to introduce evidence to prove such claim.

This court has many times held as a general proposition that the plea, "in short by consent the general issue, with leave to give in evidence any matter or thing which would be good if specially pleaded", was an authorization to defendants to avail themselves of any special defense to the cause of action to the same extent as if specially pleaded. Moore v. Williamson, 210 Ala. 427, 428, 98 So. 201; Hamilton v. Browning, 257 Ala. 72, 76, 57 So.2d 530; New York Life Ins. Co. v. Sinquefield, 231 Ala. 185, 163 So. 812; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897; Austin & Sons v. Hunter, 193 Ala. 163, 69 So. 113; Garnett v. Parry Mfg. Co., 185 Ala. 326, 64 So. 559.

Appellant vigorously argues that to deny him the benefit of this principle in the instant case will deny him the right to prove the truth because of a technicality, and he cites this line of decisions in support of his position. To uphold his contention in this regard, we must find some way to avoid the language of Section 935, Tit. 7 of the Code, which says:

"* * *. When as to any property the defendant pleads the general issue or files a replevy bond, he shall be precluded from disclaiming possession of such property."

But "in short by consent the general issue, with leave" is but an abridged and loose manner of saying "in short by consent the general issue, with leave to give in evidence any matter which *if well pleaded* would be admissible in defense of the action, to have effect as if so pleaded." [Emphasis suppli-

ed.] Cotton v. Ward, 45 Ala. 359, 360; Jackson's Adm'r v. Jackson, 7 Ala. 791; Harrison's Adm'r v. Harrison's Distributees, 39 Ala. 489, 498.

The case of Deholl v. Pim, 219 Ala. 372, 122 So. 320, 321, involved exactly the same point which now confronts us. In that case, Mr. Justice Gardner, speaking for the court, quoted approvingly from Industrial Finance Corporation v. Holcomb Motor Co., 215 Ala. 473, 110 So. 907, as follows:

"But defendants' plea of the general issue conclusively admitted their possession of the cars at the time suit was begun."

Since the opinion in the Deholl v. Pim case, supra, referred to the plea only as "in short by consent", we have looked to the original records in that case and quote the same in full verbatim:

"Comes the defendants separately and severally and for answer to the complaint in this cause and to each and every count thereof separately and severally plead in short by consent the general issue with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action, to have effect as if so pleaded; and with leave to plaintiff to give in evidence any matter which if well pleaded would be admissible in reply to such defensive matter, to have effect as if so pleaded."

To rule with appellant and reverse the case at hand on this point, we would be faced with the necessity of avoiding the plain language of Section 935, Tit. 7 of the Code, and of overruling the case of Deholl v. Pim, supra, and Industrial Finance Corporation v. Holcomb Motor Co., supra. This, we are unable to do. Moreover, there is, in addition, the matter of the execution of the replevin bond by the defendant-appellant. The statute says that he may not disclaim after he has executed a replevin bond. His explanation for the execution of the replevin bond on the mule in question was that it was done through simple error in copying into the bond all items sued for in the complaint. But the Sheriff's writ on

the return of detinue shows that on May 19, 1942, he executed said writ "by levying on the following property: One bay horse mule about ten or eleven years old, weight about 1150 * * *. And I have accepted and approved defendant's replevy bond."

The trial court received evidence on the question of the unsoundness of the mule at the time of sale and of its death before the detinue suit was filed. But in so doing, the court stated that it was only on the question of breach of warranty in the sale, and that he would not consider further the question of possession. We do not mean to imply that in a proper case the trial court may not make such corrections as in its discretion may be necessary to correct clerical errors or mistakes, nor would we be understood as holding that the trial court may not in any situation allow withdrawal of a plea of the general issue and the filing of a plea of disclaimer. Such a situation is not now before us, and we make no ruling on that. The matter for our consideration is the refusal of the trial court to allow a withdrawal of the plea of the general issue and the filing of disclaimer as to the mule; and, in addition, to receive evidence that the replevin bond was executed by the defendant through mistake ten years previously. And we do not find in the record justification for a holding of error in this regard. Deholl v. Pim, supra; Industrial Finance Corporation v. Holcomb Motor Co., supra, and Section 935, Tit. 7, Code of Alabama 1940.

Certain witnesses who were employees of the original defendant, J. Z. Burrow, were allowed to testify in regard to conversations or transactions with the deceased. Appellant argues for error in this regard, but in each instance it was shown that the witness had no pecuniary interest in the result of the suit. Consequently, there was no error in admitting this testimony. Benson & Co., Inc., v. Foreman, 241 Ala. 193, 1 So.2d 898; Kilgore v. Kimbrell, 231 Ala. 148, 149, 163 So. 896; Manegold v. Mass. Life Ins. Co., 131 Ala. 180, 31 So. 86; Section 433, Tit. 7, Code of Alabama 1940.

The judgment of the trial court is due to be, and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.